No. 12575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

DARLENE A. (Ehni) FISHER, GDN.,
FATAL, RICHARD D. EHNI,

Plaintiff and Appellant,

-vs-

MISSOULA WHITE PINE SASH COMPANY,

Employer,

-vs-

MICHIGAN MUTUAL LIABILITY COMPANY,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Loble, Picotte, Loble, Pauly and Sternhagen,
Helena, Montana
Gene A. Picotte argued, Helena, Montana

For Respondent:

Worden, Thane, Haines and Williams, Missoula, Montana
Shelton Williams argued, Missoula, Montana

---

Submitted: January 17, 1974

Decided: FEB - 7 1974

Filed: FEB - 7 1974

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action to determine the subrogation rights of an employer's insurer under the Montana Workmen's Compensation Act. Claimant was awarded workmen's compensation benefits for the accidental death of her husband. Claimant also received a compromise settlement of $18,000 from an alleged third party tortfeasor in a wrongful death action.

The Workmen's Compensation Division denied the employer's insurer subrogation to any part of the $18,000 compromise settlement proceeds received from the alleged third party tortfeasor. On appeal, the district court of the fourth judicial district, Missoula County, the Hon. Jack L. Green, district judge, reversed and awarded subrogation to one-half of the net amount of settlement proceeds with interest. Claimant appeals to this Court from the district court's judgment.

On July 3, 1965, Richard D. Ehni, an employee of Missoula White Pine Sash Company, was killed in the course of his employment when a fork lift being driven by him was struck by a Northern Pacific train. At the time of his death he was married and had three minor children. On July 19, 1965, the Industrial Accident Board (now Workmen's Compensation Division) issued its order awarding compensation to the surviving widow and three minor children at the rate of $46 per week for 500 weeks. Payments have been made by the employer's Plan II insurer, Michigan Mutual Liability Company, in an undetermined amount.

On or about October 18, 1965, the widow, as administratrix of the estate of Richard D. Ehni, filed a wrongful death action against the Northern Pacific Railway Company alleging its negligence caused the decedent's death and seeking damages for funeral expenses, loss of support, comfort and companionship. On July 10, 1969, the Northern Pacific Railway Company paid the sum of $18,000 as a compromise settlement for dismissal of the lawsuit and for full and complete release of all claims.

Claimant, who remarried on October 18, 1969, and whose name is now Darlene Fisher, refused to pay Michigan Mutual Liability Company any subrogation share of the $18,000 compromise settlement received from the Northern Pacific Railway Company. The employer and its insurer then filed a petition with the Workmen's Compensation Division to determine the amount of its subrogation claim therein. It was submitted on an agreed statement of facts together with the files and records of the Workmen's Compensation Division. The Workmen's Compensation Division entered findings of fact, conclusions of law, and an order denying the employer's insurer any subrogation rights in the settlement proceeds received by claimant from the Northern Pacific Railway Company.

The employer and its insurer appealed to the district court of Missoula County, the Hon. Jack L. Green, district judge, where the matter was submitted on the record before the Workmen's Compensation Division. The district court held that the employer's insurer is subrogated to one-half the net amount received by claimant and her minor children from the Northern Pacific Railway Company less a prorata share of the fees and costs expended to procure the settlement; a lien to secure the same; interest at the rate of 6% per annum on such amount from July 10, 1969; and an offset credit to such extent against future installments of workmen's compensation benefits. Claimant appeals to this Court from the district court's judgment.

The sole issue argued on appeal is whether the employer's insurer is entitled to subrogation against the $18,000 compromise settlement received by claimant from the Northern Pacific Railway Company.

Claimant contends that any subrogation right the employer or its insurer possesses is purely statutory under section 92-204, R.C.M. 1947, of the Montana Workmen's Compensation Act. She argues that this statute grants subrogation only on derivative claims of the injured employee and has no application to wrongful death actions involving claims for damages suffered by the survivors.

We agree that the subrogation rights of the employer and its insurer are governed by the provisions of the Montana Workmen's Compensation Act. Section 92-204, R.C.M. 1947, provides in pertinent part:

> "Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative, and all persons having any right or claim to compensation for his injury or death, as well as the employer * * *." (Emphasis added).

The extent of subrogation rights granted by the Workmen's Compensation Act is governed by provisions of this statute set out hereinafter. In view of the express provisions of this statute, the statement in Hardware Mutual Casualty Co. v. Butler, 116 Mont. 73, 148 P.2d 563, suggesting that subrogation rights of the employer and insurer against a third party tortfeasor may exist independently of the Workmen's Compensation Act is dictum and should be disregarded.

We also recognize that a distinction exists between a survival action which preserves after death a purely derivative right through decedent for his damages, and a wrongful death action which creates an independent right in designated survivors for damages they sustain by reason of decedent's death. See Dillon v. Great Northern Railway Co., 38 Mont. 485, 100 P. 960. In our view this distinction is neither preserved nor differentiated in providing subrogation rights under the Workmen's Compensation Act.

Section 92-204, R.C.M. 1947, in pertinent part, provides these subrogation rights:

> "* * * Provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so

received by such employee, are caused by the act or omission of some persons or corporations other than his employer, then such employee, or in case of his death his heirs or personal representatives, shall, in addition to the right to receive compensation under the Workmen's Compensation Act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury. In the event said employee shall prosecute an action for damages for or on account of such injuries so received, he shall not be deprived of his right to receive compensation but such compensation shall be received by him in addition to and independent of his right to bring action for such damages, provided, that in the event said employee, or in case of his death, his personal representative, shall bring such action, then the employer or insurance carrier paying such compensation shall be subrogated only to the extent of either one-half (1/2) of the gross amount paid at time of bringing action and the amount eventually to be awarded to such employee as compensation under the workmen's compensation law, or one-half (1/2) of the amount recovered and paid to such employee in settlement of, or by judgment in said action, whichever is the lesser amount. All expense of prosecuting such action shall be borne by the employee, or if the employee shall fail to bring such action or make settlement of his cause of action within six (6) months from the time such injury is received, the employer or insurance carrier who pays such compensation may thereafter bring such action and thus become entitled to all of the amount received from the prosecution of such action up to the amount paid the employee under the Workmen's Compensation Act, and all over that amount shall be paid to the employee. In the event that the amount of compensation payable under this act shall not have been fully determined at the time such employee shall receive settlement of his action, prosecuted as aforesaid, then the industrial accident board shall determine what proportion of such settlement the insurance carrier would be entitled to receive under its right of subrogation and such finding of the board shall be conclusive. Such employer or insurance carrier shall have a lien on such cause of action for one-half (1/2) of the amount paid to such employee as compensation under the Workmen's Compensation Act or one-half (1/2) of the amount recovered and paid to such employee in settlement of, or by judgment in said action, whichever is the lesser amount, which shall be a first lien thereon." (Emphasis added).

Claimant contends the quoted language and particularly the underlined words and phrases clearly indicate that subrogation rights extend only to claims for damages sustained by the injured employee himself and not to claims by his surviving kin for damages they have suffered by reason of his death; to claims derived through the employee and not independent claims of his surviving kin; and to survival actions but not to wrongful death actions.

- 5 -

We reject such construction as inconsistent with the statutory plan and purpose of the Workmen's Compensation Act. The purpose of the subrogation provisions is to compensate the employer and his insurer to some extent for the additional liability they assume under the Workmen's Compensation Act for wrongful acts of independent third party tortfeasors. Koppang v. Sevier, 101 Mont. 234, 53 P.2d 455. This purpose remains the same whether compensation is paid to the employee or in case of his death to his surviving dependents, or whether the injury-producing damages are suffered by the employee himself or in the case of his death by his surviving kin. In a wrongful death action as well as a survival action, the liability of the third party tortfeasor is derivative through the injured employee and subject to such rights and defenses as exist between such employee and the third party tortfeasor. Melville v. Butte-Balaklava Copper Co., 47 Mont. 1, 130 P. 441; Northern Pacific Ry. Co. v. Adams, 192 U.S. 440, 24 S.Ct. 408, 48 L ed 513. Accordingly, the claimed distinction between subrogation rights in survival actions and wrongful death actions finds no support in the statutory plan or purpose of the Workmen's Compensation Act.

Policy considerations command a like result. The following excerpt from 2 Larson's Workmen's Compensation Law, § 71:20, summarizes the rationale:

> "It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault case, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone."

In Montana, subrogation rights have been heretofore allowed without apportionment in a case involving counts of wrongful death and a survival action. Hardware Mutual Casualty Co. v. Butler, 116 Mont. 73, 148 P.2d 563.

Finally, if claimant's construction of the statute is correct there could be no subrogation rights even in survival actions, no lien rights in any death case, and the personal representative would not be subject to any expense in prosecuting the action against the third party tortfeasor. Such result is clearly inconsistent with the subrogation provisions of section 92-204, R.C.M. 1947. Claimant's construction is predicated on the reference to "his action" and to the absence of the word "heirs" in parts of the statute. Although the statute might have been more precisely drafted, its general intent is ascertainable and its failure to specifically refer in each and every clause thereof to death cases or actions prosecuted by or on behalf of heirs of the deceased employee in their own right against independent third party tortfeasors is not significant in our view.

Were we to adopt claimant's literal construction of section 92-204, R.C.M. 1947, standing alone without reference to the statutory plan and purposes of the act as a whole, absurd results would follow. Under such literal construction, the employer or insurer would be subrogated only to the extent of a portion of its payments of compensation "to such employee" foreclosing recovery of any compensation paid to his surviving dependents in death cases. Similarly, under such literal construction lien rights would be limited to the amount "paid to such employee" without reference to compensation paid to his surviving dependents in death cases. Further, because the expenses of prosecution of an action against a third party tortfeasor "shall be borne by the employee", his personal representative or heirs in death cases would not be chargeable with such expense were we to adopt the literal construction urged by claimant. As these results are squarely at cross purposes with the statutory plan and purposes of the act and its subrogation provisions, we hold the legislature intended no such results nor construction.

The judgment of the district court is affirmed. We remand the case to the district court of Missoula County for determination of the dollar amount the employer's insurer is entitled to receive under its right of subrogation.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 8 -