MR. CHIEF JUSTICE HASWELL
dissenting:
I dissent. In my view, our decision in Fisher v. Missoula White Pine and Sash Co. (1974), 164 Mont. 41, 518 P.2d 795, mandates affirmance of the order of the Workers’ Compensation Court.
The majority hold that the subrogation rights of the employer and insurer do not extend to a wrongful death recovery by the heirs of the deceased employee against a third party. I find no support for this holding in the subrogation statute of the Workers’ Compensation Act. Section 39-71-414, MCA. Moreover, such holding is directly contrary to our decision in Fisher.
In Fisher we held that the distinction between survival and wrongful death actions was neither preserved nor differentiated under the subrogation provisions of the Workers’ Compensation Act; that such distinction finds no support in the statutory plan or purpose of the Act; that the compensatory purpose of the subrogation provision remains the same whether compensation benefits are paid to the employee or in case of his death to his surviving dependents; and accordingly the employer and insurer is subrogated to that portion of a compromise settlement that the widow received from a third party tortfeasor in a wrongful death action.
*528 The following passages from Fisher illustrate its rationale:
“Claimant contends that any subrogation right the employer or its insurer possesses is purely statutory under section 92-204, R.C.M. 1947, of the Montana Workmen’s Compensation Act. She argues that this statute grants subrogation only on derivative claims of the injured employee and has no application to urrongful death actions involving claims for damages suffered by the survivors.” (Emphasis added.) 164 Mont. at 44-45, 518 P.2d at 797.

U

“We reject such construction as inconsistent with the statutory plan and purpose of the Workmen’s Compensation Act. The purpose of the subrogation provisions is to compensate the employer and his insurer to some extent for the additional liability they assume under the Workmen’s Compensation Act for wrongful acts of independent third party tortfeasors. Koppang v. Sevier, 101 Mont. 234, 53 P.2d 455. 164 Mont. at 47, 518 P.2d at 798.

U

“Accordingly, the claimed distinction between subrogation rights in survival actions and wrongful death actions finds no support in the statutory plan or purpose of the Workmen’s Compensation Act.” 164 Mont. at 48, 518 P.2d at 799.
The majority attempt to distinguish Fisher on two grounds: (1) statutory changes in the Workers’ Compensation Act since Fisher, and (2) the differences between wrongful death and survival actions and economic and noneconomic damages.
In reasoning that statutory changes in the Act since Fisher require a different result in this case, the majority ignore our decision in Tuttle v. Morrison-Knudsen Co., Inc. (1978), 177 Mont. 168, 589 P.2d 1379:
“The statute under consideration [the subrogation statute in the Workers’ Compensation Act] was amended in 1977. The amendments simply cleared up the language in the statute and divided it into two sections. They did not make any substantive change in the statute.” (Emphasis added.)
The majority then explain at length the. difference between survival actions and wrongful death actions and economic *529 damages and noneconomic damages. I agree that these differences exist. I do not agree that the legislature intended to incorporate these differences in the Workers’ Compensation Act and deny subrogation in wrongful death recoveries against third persons.
The controlling statute provides in pertinent part:
“39-71-414. Subrogation. (1) If an action is prosecuted as provided for in 39-71-412 [tort action against third party] or 39-71-413 [action against fellow employee for intentional and malicious acts] and except as otherwise provided in this section, the insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers’ Compensation Act.” (Emphasis added.)
Here compensation and benefits under the Workers’ Compensation Act were paid to the surviving widow. She presented a tort claim against a third party, Stockhill Aviation, who paid her $56,250. Under the plain language of the Act quoted above, the Workers’ Compensation insurer is entitled to subrogation for all compensation and benefits paid. No distinction is made between survival and wrongful death actions, between instantaneous and prolonged death or between economic and noneconomic damages.
The majority have simply engaged in some judicial legislation to justify the result they seek. In the process they have denied effect to Fisher and have ignored Tuttle.