*184 MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion. The majority relies upon Skauge v. Mountain States Tel. & Tel. Co. (1977), 172 Mont. 521, 565 P.2d 628, for its conclusion that the State Fund is not entitled to any subrogation interest in the $25,000 settlement proceeds until the claimant has been made whole for his entire loss including attorneys fees. While it is true that such a theory was found to apply in Skauge, a case involving an insured and his own insurance company, the rationale does not apply to the present case. As we stated in Skauge:
“The basic rationale for this rule, in either of the two categories, is best stated in St. Paul Fire & Marine Ins. Co. v. W. P. Rose Supply Co., supra, 198 S.E.2d at 484:
“ ‘. . . When the sum recovered by the Insured from the Tort-feasor is less than the total loss and thus either the Insured or the Insurer must to some extent go unpaid, the loss should be borne by the insurer for that is a risk the insured has paid it to assume.'’ ” (Emphasis supplied.)
“Again we note, the doctrine of legal subrogation is applied to sub-serve the ends of justice and to do equity in the particular case under consideration.”
Skauge, 172 Mont. at 528, 565 p.2d at 632. Skauge held that the loss should be borne by the insurance company because that is a risk which the insured has paid the company to assume. That is not the factual situation in the present case where it is the employer who has paid the premium for workers’ compensation coverage. In addition, the doctrine of legal subrogation is shown in Skauge to have arisen in equity and is applied in order to do equity between the insured and his own insurance company. Again, that legal theory is not applicable in the present case where the insured worker has paid nothing to the insurance company.
In this case, the right of subrogation is not based upon an insurance contract between the parties or upon a legal theory of subrogation involving an insurance company and its insured, as was the case in Skauge. Instead, it is based upon Section 39-71-414(1), MCA, which in pertinent part states:
“If an action is prosecuted as provided . . . the insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers’ Compensation Act. The insurer’s right of subrogation is a first lien on the claim, judgment, or recovery.”
This Court has previously pointed out that the purpose of the sub *185 rogation provision is to compensate an employer and his insurer to some extent for the additional liability which they assume under the Workers’ Compensation Act for wrongful acts of independent third parties. See Tuttle v. Morrison-Knudsen Co., Inc. (1978), 177 Mont. 166, 580 P.2d 1379; Fisher v. Missoula White Pine Sash Co. (1974), 164 Mont. 41, 518 P.2d 795. I therefore conclude that Skauge is not authority for limiting the subrogation right granted to the State Fund.
I also disagree with the majority conclusion that Brandner v. Travelers Ins. Co. (1978), 179 Mont. 208, 587 P.2d 933, is easily distinguishable from the case at bar. As I read that opinion, I conclude that the Workers’ Compensation Court was correct in holding that Brandner required the decision which it reached. The majority opinion concludes that in Brandner we found that claimant was made whole by a voluntary settlement in satisfaction of all claims, and that since claimant had obtained full legal redress, it was appropriate to allow subrogation. With regard to whether or not claimant in Brandner was made whole, this Court stated:
“. . .In this case, it cannot now be determined whether the claimant has sustained a loss in excess of the recovery made against Burlington Northern, Inc. That will only he determined in the future. In the meantime, to the extent that it has made payments, or will make payments in the future, Travelers’ subrogation rights are reduced to fifty percent under the statute. Travelers’ recovery may never exceed fifty percent of the amount for which it is liable under the Workers’ Compensation Act.
“The truth of the matter, as far as Workers’ Compensation payments are concerned, is that claimant has been made whole to date and the continuing liability for payments under the act as against Travelers has assured that claimant will continue to be made whole. He will not lose any benefits under Workers’ Compensation Act by virtue of the recovery, but in essence will recover his benefits under the act, and fifty percent more. It cannot logically be contended therefore, that claimant has not been made whole for his Workers’ Compensation injury, when he, by his own voluntary action, has finally compromised his claim in full against the third-party tortfeasor.”
Brandner, 179 Mont. at 215-216, 587 P.2d at 938. In essence, Brandner holds that by virtue of the workers’ compensation payments, claimant was made whole and would continue to be made whole be *186 cause he received his full benefits plus 50 percent of the amount recovered from the third-party.
The majority relies upon White v. State (Mont. 1983), [203 Mont. 363,] 661 P.2d 1272, 40 St.Rep. 507, for the conclusion that it would be an unconstitutional application of the statute to allow the State Fund subrogation rights because of the claimed fundamental right of full legal redress. Our opinion in White did not hold that the right to full legal redress is an independent, fundamental right entitled to strict scrutiny in every instance, including workers’ compensation cases. The issue before the Court in White was sovereign immunity from suit for non-economic damages of a tort claimant. The challenged statute, Section 2-9-104, MCA (1981), barred recovery of non-economic damages from the State and limited recovery of economic damages to $300,000 for each claimant and $1,000,000 for each occurrence.
While there is broad language in White which does indicate that all persons have a speedy remedy for every injury, I would limit the holding of that case to the issue before the Court. The holding by the majority of the Court was that Section 2-9-104, MCA, violated the constitutional guarantee of a remedy for every injury. White, 661 P.2d at 1275, 40 St.Rep. at 510. That holding alone is not authority for a conclusion that all persons in all circumstances necessarily have a fundamental right to full legal redress. Article II, Section 16 of the Montana Constitution illustrates why that broad conclusion is not appropriate. While it is true that the initial portion of Section 16 states that no person shall be deprived of his full legal redress, it is immediately followed by an exception for employers who provide coverage under the Workers’ Compensation Act. That exception is directly applicable to the present case. I disagree with the conclusion that allowing State Fund subrogation rights would be an unconstitutional application of the statute.
I would affirm the Order and Judgment of the Workers’ Compensation Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur in the foregoing dissent of MR. JUSTICE WEBER.