IRVIN B. TUTTLE, CLAIMANT, *v.* MORRISON-KNUDSEN CO., INC., EMPLYOER, AND ARGONAUT INSURANCE COMPANY, DEFENDANTS AND APPELLANTS, AND DIVISION OF WORKERS' COMPENSATION INTERVENOR.

No. 14123.
Submitted June 6, 1978.
Decided June 19, 1978.
580 P.2d 1379.

Harris, Jackson & Murdo, Helena, LaVerne V. Harris, argued, Helena, for defendants and appellants.

Berger, Anderson, Sinclair & Murphy, Billings, Christopher J. Nelson, argued, Billings, for respondents.

Norman Grosfield, argued, Helena, Tim Reardon, Helena, for intervenor.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Insurer, Argonaut Insurance Co., and claimant's employer Morrison-Knudsen Co., Inc. appeal from the judgment of the Workers' Compensation Court, on November 18, 1977, which affirmed the Division of Workers' Compensation order that determined appellants' interest in claimant's third party recovery. Following the denial of appellant's petition for rehearing, this appeal ensued.

On appeal, the parties have stipulated to an agreed statement of facts, which is:

On January 18, 1974, Irvin B. Tuttle, while commuting to work at the Sarpy Creek Mine, near Hardin, Montana, where he worked for the Morrison-Knudsen Company, from his home in Billings, Montana, was involved in an automobile accident. Tuttle was not driving. He was injured and claimed workers' compensation

benefits based on the fact that he was receiving travel pay and was in the course of his employment.

Argonaut Insurance Company, the insurer for Morrison-Knudsen, an employer enrolled under Plan No. 2 of the Workers' Compensation Act, denied coverage.

Tuttle petitioned the Division for a determination of disability and an order awarding compensation was issued June 19, 1975.

Argonaut has paid compensation from January 18, 1974 to May, 1977 pursuant to the June 19, 1975 order.

Tuttle instituted a third-party action against the driver of the vehicle he was riding in when the accident, which caused his injury, occurred. Argonaut was not advised of the filing of this law suit. On May 4, 1977 Argonaut was advised of an offer of settlement in the amount of $147,500 in this law suit. On May 5, 1977 Tuttle accepted the offer of settlement.

Argonaut was advised of the acceptance of this offer on May 11, 1977.

From the $147,500 received in settlement of the third-party action, the entire attorney fees in the amount of $47,500 and the entire costs in the amount of $2,427 were paid, $18,045.52 was retained in trust, and the balance of $79,527.48 was distributed to the claimant or for his benefit. No request was made upon Argonaut Insurance Company to contirbute to the attorney fees or costs in advance of the consummation of the settlement.

Argonaut and Morrison-Knudsen Company, Inc., petitioned the Division for an order determining their subrogation interest in the May 4, 1977 award. The division issued an order determining subrogation interest on May 19, 1977.

Argonaut petitioned for reconsideration of the May 19, 1977 order. This petition was denied by the Division's order denying insurer's petition for reconsideration of order determining subrogation interest of June 1, 1977.

The insurer, Argonaut Insurance Company, and employer, Morrison-Knudsen Company, Inc. petitioned for appeal of the division's order determining subrogation interest of May 19, 1977, and

order denying insurer's petition for reconsideration of order determining subrogation issued June 1, 1977, and from the whole thereof.

The Workers; Compensation Court held a hearing on the insurer's appeal. On November 18, 1977, that court affirmed the division's order. Insurer appeals from that judgment.

The sole issue before this Court is whether the Worker's Compensation Division order that determined the insurer's subrogation interest in claimant's third party recovery, and which was affirmed by the Worker's Compensation Court, is correct in light of the provisions of section 92-204.1, R.C.M.1947.

Section 92-204.1 establishes the insurer's right to subrogation in third party recovery right to subrogation in third party recoveries by injured workmen. The statute under consideration was amended in 1977. The amendments simply cleaned up the language in the statute and divided it into two sections. They did not make any substantive change in the statute. In this case, we are concerned with the statute as it existed prior to the 1977 amendments.

This is a case of first impressions in Montana.

■ We have held that the Workers' Compensation Act must be liberally construed in favor of claimant. *Murphy v. Anaconda Co.*, (1958), 133 Mont. 198, 321 P.2d 1094; *Marker v. Zeiler*, (1961), 140 Mont. 44, 367 P.2d 311. Applying that standard of liberal construction to this statute, we believe that the order of the Worker's Compensation Division must be affirmed.

In its order of May 1977, the Workers' Compensation Division determined the insurer's statutory subrogation interest pursuant to section 92-204.1 That section provides that the insurer is entitled to full subrogation for all compensation and benefits paid or to be paid. The insurer's right of subrogation is a first lien on the third party recovery. However, the employees is guaranteed at least one-third of the recovery and the insurer is required to pay his proportionate share of the costs and attorney fees of the third party action. The section further provides that when the third party action is settled and the amount of benefits and compensation has not been ful-

ly determined, the Division of Worker's Compensation shall determine what proportion of such settlement shall be allocated under subrogation.

In this case, claimant settled his third party action for $147,500. The action was settled prior to a full determination of his workmen's compensation benefits. Due to that fact, the Division of Worker's Compensation was requested to determine how much of the third party settlement should be allocated under subrogation. Their determination was as follows:

| | | |
|---|---|---|
| "Amount to third party recovery | | $147,500.00 |
| "Amount of attorney fees | $47,500.00 | |
| "Amount of costs relating to third party action | 2,427.00 | |
| "Total: Attorney fees and costs | $49,927.00 | |
| "Factor to be used in determining proportion of attorney fees and costs to be assumed by insurer and claimant ($49,927.00 ÷ $147,500.00 | | 33.85% |
| "Claimant's minimum statutory entitlement under Section 92-240.1 (⅓ of $147,500), excluding proportionate share of costs and attorney fees | 49,161.75 | |
| "Insurer's maximum possible statutory entitlement under Section 92-204.1 (⅔ of $147,500), excluding proportionate share of costs and attorney fees | 98,338.25 | |
| "Insurer's total payments to date | 18,045.52 | |
| "Insurer's portion to date of attorney fees and cost obligation ($18,045.52 × 33.85%) | 6,108.41 | |
| "Net portion insurer is entitled to from third party action for payments made to the present date | $11,937.11" | |

"The claimant shall pay to the workers' compensation insurer the sum of $11,937.11, out of the amount recovered from the third party action, for the insurer's portion of its subrogation interest for payments made to date. In addition, the workers' compensation insurer may reduce its further obligations to the claimant to the extent that it shall continue to pay the claimant 33.85% of the future benefits it is obligated to pay the claimant under the Workers' Compensation Act, until it has paid out an actual total amount of

$33,287.50 ($98,338.25 × 33.85%), should such a total actual payout ever be reached. Once an actual total payout of $33,287.50 is made, should that ever occur, the insurer would again be liable for full benefit payments."

Insurer objects to this allocation in two areas. First, he argues that they should receive the $18,045.52 they have paid to claimant. They claim that they are entitled to all of the compensation that has been paid, without deduction of their share of the attorney fees, because the statute says that they are entitled to full subrogation. Their second objection is to their being required to pay attorney fees on the $98,338.25, which is insurer's maximum possible statutory entitlement. Under the Division order, this money is to be paid out to claimant. Insurer argues that they should not be obligated to pay any monies to claimant until all of the third party recovery is used up, then benefits will resume. We hold that the insurer's objections are without merit.

This Court said:

"* * * [where] one litigant has borne the burden and expense of successful litigation which has created and brought into court a fund in which others share with him, it is only just and equitable that those who share in the benefits should contribute to the payment for the services of the attorney whose labors resulted in the creating or preserving of such common fund." (Bracketed material added.) *Hardware Mutual Casualty Co. v. Butler*, (1944), 116 Mont. 73, 86, 87, 148 P.2d 563, 568.

■ Here, claimant through his third party action created a fund which reduced insurer's obligation to pay compensation to him. Clearly, insurer benefited from claimant's action. Without claimant's action, insurer would not be reimbursed for the compensation they have paid. Thus, it is only fair and equitable that insurer's share of the attorney fees and costs be subtracted from the amount they are to receive in reimbursement.

■ As for the insurer's having to pay claimant 33.85 percent of future benefits it may be obligated to pay, we hold that this was a proper determination. Here, because of the third party recovery,

insurer's obligation to pay full weekly benefits has been eliminated. Insurer is then receiving a benefit from the size of claimant's recovery. Since they are receiving this benefit, they should be obligated to pay their fair share of the legal expenses that were incurred in obtaining the benefit. Under similar circumstances the Indiana court has said that the ultimate recovery of the employee should not be diluted by having to pay that portion of the attorney fees required to collect that which the injured employee is entitled to collect under a compensation award without any suit, or settlement. *Indiana State Highway Commission v. White*, (1973), 259 Ind. 690, 291 N.E.2d 550. This is the approach that the Division applied here. They determined that the insurer, rather than claimant, should have to pay the legal expenses of being relieved from having to pay compensation under the Workmen's Compensation Act.

The interpretation that the Division and the Workers' Compensation Court give to section 92-204.1 is consistent with the approach taken by other jurisdictions in interpreting their subrogation statutes. The subrogation statutes of the different states vary substantially in their wording, but the interpretations and results under them are similar.

"Under a considerable number of statutes, however, when the suit is brought or recovery effected by the employee, and sometimes in all cases, the carrier is obliged to pay a portion of the attorney's fees out of his share, usually in proportion to his share of the recovery." 2A Larson, Workmen's Compensation Law, § 74.32.

Our interpretation of section 92-204.1 is in accord with the intent of the legislature in enacting the statute. Prior to 1973, the statute provided that the employee was to bear the costs and attorney fees of his third party action. In 1973, the legislature amended the statute to provide that the insurer must pay a proportionate share of the costs and attorney fees incurred in the action.

This Court has long followed the rule that when the legislature amends a statute, it intends to make a change in existing law and the courts will endeavor to give some effect to the amend-

ment. *State ex rel Dick Irvin, Inc. v. Anderson*, (1974), 164 Mont. 513, 525 P.2d 564; *Montana Milk Control Board v. Community Creamery Co.*, (1961), 139 Mont. 523, 366 P.2d 151; *Van Tighem v. Linnane*, (1960), 136 Mont. 547, 349 P.2d 569. We hold that the allocation of the recovery, by the Division, was in accordance with the intent of the legislature to require the insurer to bear its fair share of the costs and fees, which, prior to 1973, they did not have to do.

We recognize that the purpose of the subrogation provisions of the Workmen's Compensation Act is to compensate the employer and insurer to some extent for the additional liability they assume, under the Act, for wrongful acts of third party tortfeasors. *Fisher v. Missoula White Pine Sash Company v. Michigan Mutual Liability Co.*, (1974), 164 Mont. 41, 518 P.2d 795. The Division's order in this case did not violate this purpose. All that it did was to require the insurer to pay its fair share of the costs and attorney fees for the benefit claimant obtained for them.

Judgment affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.