EUGENE J. BRANDNER, JR., Claimant and Appellant, v. TRAVELERS INSURANCE COMPANY, Defendant and Respondent.

No. 14162.
Submitted Sept. 18, 1978.
Decided Nov. 27, 1978.
587 P.2d 933.

Hoyt & Lewis, Great Falls, Tommy L. Lewis (argued), Great Falls, for claimant and appellant.

Marra, Wenz, Iwen & Johnson, Great Falls, Joseph R. Marra (argued), Great Falls, Charles R. Johnson (argued), Great Falls, for defendant and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Appeal is by claimant, Eugene J. Brandner, Jr., from a decision

of the Workers' Compensation Court determining the subrogation interest of the insurer, Travelers Insurance Company in a recovery obtained by plaintiff as a settlement of a third party action.

We find that the administrator of the Workers' Compensation Division, whose order was affirmed by the Workers' Compensation Court, made an incorrect determination of the subrogation interest of the insurer as we hereafter set forth.

Claimant, employed by Con Agra Montana, Inc., in Great Falls, sustained an injury June 27, 1975 while loading bulk feed into a railroad car owned by Burlington Northern, Inc. In lifting a defective hatch on the railroad car, he felt a "pop" in his back when the hatch stuck. Surgery was required to remove two herniated discs from his back and thereafter he was unable to continue the type of lifting required in his employment by Con Agra.

Insurer carries Con Agra's Workers' Compensation insurance and has paid medical and compensation benefits to claimant in the amount of $13,975.52.

On November 19, 1975, claimant instituted an action against Burlington Northern, Inc., for damages caused by the defective hatch. Travelers had been previously advised of claimant's intent to file the third party action and Travelers under section 92-204.1, R.C.M.1947, as it was in effect at that time, opted not to participate in the cost of the third party action. On December 20, 1976, claimant settled his action against Burlington Northern for a total amount of $70,000.00 One-third of that amount, or $23,333.33, claimant paid to his counsel as an attorney's fee.

Travelers asked the administrator of the Workers' Compensation Division to make a determination of the insurer's subrogation interest in the settlement.

The administrator issued an order dated March 30, 1977, determining that insurer was entitled, under section 92-204.1, to a net amount from the third party action of $6,987.76, and that insurer was further entitled to reduce its future weekly compensation payments and medical payments to fifty percent until it has paid out a total net amount, after reducing its payments, of $46,669.00.

Thereafter, the insurer would be obligated to pay full benefits to claimant. The following calculations were included in the order:

| | |
|---|---:|
| Amount of third party action recovery | $70,000.00 |
| Amount of attorney fee | 23,333.33 |
| Claimant's minimum statutory entitlement under Section 92-204.1 (⅓ of $70,000) | 23,331.00 |
| Insurer's maximum possible subrogation recovery under Section 92-204.1 (⅔ of $70,000) | 46,669.00 |
| Insurer's total payments for compensation and medical benefits through March 28, 1977 | 13,975.52 |
| Net amount insurer is entitled to from third party action under Section 92-204.1 | 6,987.76 |

On appeal, claimant raises these issues:

1. Travelers, as an insurer, has no right to subrogation in a recovery obtained by the claimant by a third party because of the provisions of 1972 Mont.Const., Art. Ii, § 16.

2. If the insurer does have subrogation rights, it should be required to pay a proportionate share of claimant's attorney fees and costs, although it opted not to participate in the third party action.

3. Travelers, as an insurer, is not entitled to any subrogation rights unless the claimant has been made whole for his entire loss in the settlement with the third party tort-feasor.

4. The order of the administrator of the Workers' Compensation Division grants the insurer more than a fifty percent subrogation interest.

*The Constitutional Issue*

1972 Mont.Const., Art. II, § 16, provides in pertinent part:

"No person shall be deprived of his full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workman's Compensation Laws of this state . . ."

Claimant contends that section 92-204.1, as then in effect, was

unconstitutional in allowing insurer any subrogation interest because of the foregoing constitutional provision. He contends that any statute that prevents the employee from receiving "full legal redress' in a third party proceeding against anyone other than the employer or co-employer is unconstitutional. Therefore, claimant contends, subrogation rights provided under section 92-204.1, since they diminish full legal redress, are violative of the constitutional provision.

Section 92-204.1, has since been amended and its provisions are carried over into the present section 92-204.2, R.C.M. 1947 (Montana Session Laws 1977). At the time of this accident, section 92-204.1 provided in pertinent part:

". . . Whenever such event shall occur to an employee while performing the duties of his employment and such event shall be caused by the act or omission of some persons or corporations other than his employer . . . such employee . . . shall, in addition to the right to receive compensation under this act, have a right to prosecute any cause of action he may have for damages against such persons or corporations. Further provided, that whenever such employee shall receive an injury while performing the duties of his employment and the injury or injuries . . . are caused by the intentional and malicious act or omission of a servant or employee of his employer, the such employee . . . shall . . . have a right to prosecute any cause of action he may have for damages against the servants or employees of his employer, causing such injury. Provided, that the employer or insurer shall be entitled to full subrogation for all compensation and benefits paid or to be paid under this act, *except as otherwise provided in this section* . . . The employee shall institute such third party action after giving the employer or insurer reasonable notice of his intention to institute such third party action. The employee may request that such insurer pay a proportionate share of the reasonable cost, including attorneys' fees, of such third party action. The insurer may elect not to participate in the cost of the third party action, but as such election is made the insurer shall be deemed to have waived fifty per cent (50%) of its

subrogation rights granted by the section . . . If the employee or his personnal [sic] representative institutes such third party action, he shall be entitled to at least one-third (⅓) of the amount recovered by judgment or compromise settlement less his proportionate share of the reasonable costs, including attorneys' fees, in the event the amount of recovery is insufficient to provide him with that amount after payment of subrogation."

Claimant urges that a constitutional confrontation with section 92-204.1 could be avoided by construing the foregoing section to mean that no subrogation rights accrue unless the action is against a co-employee for an intentional and malicious act or omission. This construction is urged because the clause creating subrogation rights as set forth above immediately follows and seems to modify that portion of the statute referring to intentional and malicious acts or omissions of co-employees.

However, claimant more strongly argues that section 92-204.1 is unconstitutional because it deprives the injured person of "full legal redress of injury" as set forth in 1972 Mont.Const., Art. II, § 16.

When as here, a worker, in the course of his employment, is injured by the act of omission of one other than his employer or co-employee, his injury, because it was incurred in the course of his employment, gives rise to an obligation on the part of his employer or his employer's insurer, to provide the worker with benefits under the Workers' Compensation Act. The employer or insurer in that case is called upon to make payments to the worker which really should be the burden and the responsibility of the third-party tortfeasor. It is a doctrine as old as equity that when a party is burdened by a debt or obligation that in natural justice, equity and good conscience should be paid by another, that party is subrogated to the rights of his payee to the extent of the payments made, as against the responsible party. *Skauge v. Mountain States Tel. & Tel. Co.* (1977), 172 Mont. 521, 565 P.2d 628.

We hold that the allowance of subrogation in Workers' Compensation cases is in furtherance of equity and justice, and the

claimant is not thereby deprived of "full legal redress", because in any event he recovers either through the Act or from the responsible party or from the responsible third-party such amounts as he is legally allowed to recover. We find no merit therefore in this contention of the claimant.

*Travelers' Election Not to Participate in the Third-Party Costs*

Claimant's contention here is that notwithstanding the provisions of section 92-204.1, as above quoted, the insurer, since it is participating in the fruits of the third-party action, ought to be required to bear a portion of the attorney fees and costs in producing those fruits.

In the recently decided case of *Tuttle v. Morrison-Knudsen Co., Inc.* (1978), 177 Mont. 166, 580 P.2d 1379, this Court examined section 92-204.1, with respect to the situation where the insurer had agreed to participate in the cost of the third-party action. In *Tuttle*, we determined how the subrogation recovery was to be divided in that situation.

In this case, the insurer elected not to participate in the cost of the third-party action against Burlington Northern, Inc. It had a statutory right to decide not to participate under section 92-204.1.In so doing, under the statute, the insurer gave up fifty percent of its subrogation rights, which otherwise would have been "full subrogation for all compensation benefits paid or to be paid". Section 92-204.1, supra. Under the statute therefore, the insurer who elects not to participate in the cost of the third-party action does in fact make a "contribution" when it gives up fifty percent of its subrogation recovery. Nothing about this provision of section 92-204.1 seems unfair or unconstitutional and the making of such a statutory provision was well within the legislative prerogative. We find therefore, that Travelers is entitled to share in the benefits of the third-party recovery subject to the fifty-percent reduction required by statute.

*Whether Claimant Should Be Made Whole Prior to Subrogation*

Here, claimant contends that before Travelers is entitled to any subrogation, it must first be shown that claimant has been

made whole by the recovery in the action against Burlington Northern, Inc. Claimant relies on *Skauge v. Mountain States Tel. & Tel. Co.*, supra, in which we stated:

". . . we adopt the view that when the insured has sustained a loss in excess of the reimbursement by the insurer, the insured is entitled to be made whole for his entire loss and any costs of recovery, including attorney's fees, before the insurer can assert its right of legal subrogation against the insurer or the tortfeasor."

*Skauge* is distinguishable from this case. *Skauge* involved a policy issued by an insurer which provided that the insurance company could require from the insured an assignment of all of the insured rights of recovery against any party for loss to the extent that payments have therefore been made by the company. There we adopted the view that when the insured has sustained a loss in excess of the reimbursement by the insurer, the insurer is entitled to be made whole for his entire loss, and any cost of recovery, including attorney fees, before the insurer can assert its right to legal subrogation against the insured or tortfeasor. 172 Mont. 521, 565 P.2d at 632. In this case, it cannot now be determined whether the claimant has sustained a loss in excess of the recovery made against Burlington Northern, Inc. That will only be determined in the future. In the meantime, to the extent that it has made payments, or will make payments in the future, Travelers' subrogation rights are reduced to fifty percent under the statute. Travelers recovery may never exceed fifty percent of the amount for which it is liable under the Workers' Compensation Act.

The truth of the matter, as far as Workers' Compensation payments are concerned, is that claimant has been made whole to date and the continuing liability for payments under the act as against Travelers has assured that claimant will continue to be made whole. He will not lose any benefits under Workers' Compensation Act by virtue of the recovery, but in essence will recover his benefits under the Act, and fifty percent more. It cannot logically be contended therefore, that claimant has not been made whole for his Workers' Compensation injury, when he, by his own voluntary

action, has finally compromised his claim in full against the third-party tortfeasor.

*A Proper Determination of Travelers Subrogation Rights*

The claimant contends the order of the Workers' Compensation Division, affirmed by the Workers' Compensation Court, in effect grants to Travelers subrogation payments in excess of its fifty percent right. On this contention, we find the claimant is correct.

The administrator, in his order, allows Travelers to reduce its future weekly compensation payment by fifty percent until it has paid out a total net amount after reducing its payments because of its subrogation interest of $46,669.00

That determination is faulty for two reasons: (1) the Travelers maximum possible subrogation should be fifty percent of the amount of recovery or $35,000.00; and (2) under the order of the administrator here, absent the subrogation reduction of fifty percent, Travelers would have had to pay claimant $93,338.00 (twice the net amount determined) which is manifestly far in excess of the recovery of $70,000.00.

To the credit of the administrator, it should be said that the statute here even as amended is most confusing and we certainly by this opinion wish to call to the attention of the legislature the necessity for clarification so that mathematical computation of the rights of subrogating insurers, participating or not participating, can more easily be determined.

■ We have set forth the pertinent parts of section 92-204.1 above. We hold, in interpreting that section, that a nonparticipating insurer is entitled to fifty percent of the subrogation rights granted by this section, but that right of subrogation on the part of the insurer is limited to and hinged upon the right of the employee (claimant) to receive one-third of the amount recovered by judgment or compromise, less claimant's proportionate share of costs including attorney fees, in the event the amount of recovery is insufficient to provide the employee with that amount after payment of subrogation. This is in effect the language of the statute and the only reasonable way to interpret its meaning.

■ In accord with the language of the statute, and the fact that Travelers is a non-participating insurer in the third-party action, the following calculation of subrogation rights is determined:

| | | |
|---|---|---|
| (1) | Amount of recovery | $70,000.00 |
| (2) | Amount of attorneys fees and costs | 23,333.33 |
| (3) | Net recovery after fees and costs | 46,666.67 |
| (4) | Claimants minimum statutory entitlement (⅓ of recovery less claimants proportionate share of fees and costs) ⅓ X $46,666.67 | 15,555.56 |
| (5) | Employer's (insurer's) maximum possible entitlement (50% of recovery) ½ X $70,000.00 | 35,000.00 |
| (6) | Sum of (4) and (5) | 50,555.56 |

The net amount of recovery therefore is insufficient to provide claimant with his mimimum statutory entitlement (4) by the sum of $3,888.89 ($50,555.56—$46,666.67).

| | | |
|---|---|---|
| (7) | Employers maximum entitlement under this recovery ($35,000.00 less $3,888.89) | $  31,111.11 |

(8) Recapitulation:

| | | |
|---|---|---|
| Amount of recovery | $70,000.00 | |
| Costs and fees | | $23,333.33 |
| Claimants share | | 15,555.56 |
| Employer's (insurer's) share | | 31,111.11 |
| | $70,000.00 | $70,000.00 |

| | | |
|---|---|---|
| (9) | Benefits paid by employer (insurer) to claimant to date | $13,975.52 |
| (10) | Employers (insurer's net portion of payments to date (50% of $13,975.52) | 6,987.76 |

The claimant here shall pay to the insurer the sum of $6,987.76 out of the amount recovered from the third-party for insurer's share of its subrogation interest for payments made to date. In add-

ition, the insurer may reduce its further obligations to claimant to the extent that it should continue to pay to or on behalf of claimant fifty percent of the future benefits under the act until it has paid out an actual total (including the $6,987.76 already paid by it) of $31,-111.11, should such total amount of $31,111.11 ever be reached. Once an actual payment of $31,111.11 is made, should that occur, the insurer would again be liable for full benefit payments.

The foregoing recapitulation shows the accuracy of the computation herein made. It could be argued, of course, that the insurer here, because it will receive $3,888.89 less than one-half of the amount of recovery, is in effect, paying or contributing towards the costs of the third-party action. This result comes about, however, because we find the dominant portion of section 92-204.1 is that portion which requires that the employee shall recover at least one-third of the judgment or compromise settlement after deducting his proportionate share of costs and attorneys fees. There is no other way reasonably to interpret this portion of the statute than to determine that this provision means, in this case, that the employee shall receive, as a minimum, one-third of $46,666.67.

Section 92-204.1, as we have above presented it, was amended in 1977 so that its provisions are now incorporated in section 92-204.2, R.C.M.1947 (Chapter 550, Mont. Session Laws, 1977). Even as amended, the statute needs clarification as to the minimum entitlement that the employee should receive in third-party actions. Since the legislature will be meeting in a few months, we call to its attention the necessity for clarification of section 92-204 .2.

The judgment of the Workers' Compensation Court is reversed and the cause remanded, for the purpose of structuring and entering an order determining subrogation rights in accordance with the caluclations herein set forth. Costs to appellant in the usual course, and if in the opinion of the Workers' Compensation Court, it is justified, reasonable attorneys fees on this appeal.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and HARRISON concur.