No. 89-286

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

FRANK EDWARD GETTEN,

      Claimant and Appellant,

-vs-

LIBERTY MUTUAL INSURANCE COMPANY,

      Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge Presiding.


COUNSEL OF RECORD:

      For Appellant:

            Jack E. Sands argued, Billings, Montana

      For Respondent:

            Robert E. Sheridan argued, Garlington, Lohn & Robinson,
            Missoula, Montana

Submitted:  October 31, 1989

Decided:  November 28, 1989

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This case presents an appeal from the Workers' Compensation Court which affirmed a determination by the Division of Workers' Compensation regarding subrogation rights. The Division determined that respondent was entitled to a subrogation right in tort claim proceeds recovered in a wrongful death action brought by appellant. We affirm.

Appellant raises the following issues for review:

1. Does the Division of Workers' Compensation have jurisdiction over this subrogation claim?

2. Did Liberty Mutual Insurance establish that the claimant was provided full legal redress in its third party claim so that Liberty's subrogation claim extends to the settlement award?

3. Did Liberty Mutual Insurance establish that the insurer responded to claimant's invitation to participate in the lawsuit in a manner that was "explicit, immediate and without reservation," so as to be entitled to the full subrogation amount authorized by the Workers' Compensation Act?

4. Did Liberty Mutual Insurance establish that fifty percent of the amount of the settlement was related to economic damages or to damages which had their source in the earnings of the decedent, and thus subject to its claim for subrogation?

    a. Was Getten's settlement brochure in the third-party action protected by the attorney work product rule?

    b. Should deposition testimony of two adjustors for insurers in the third-party action have been admitted in evidence?

c. Did Liberty Mutual Insurance establish the amount of economic damages that represents reasonable contributions to the heirs derived from the earnings of the decedent?

5. Was the subrogation entitlement computed correctly?

6. Did the Division fail to make findings of fact essential to the question to be decided?

Frank Getten worked as a truck driver for Ryan Wholesale Foods. On December 18, 1984, he was killed in a truck accident in Utah. He died instantly during a head-on collision with another semi-truck owned by Zip Trucking. The driver of the other semi, Terry Osborne, an employee of Zip Trucking, was later convicted of automobile homicide because his negligence caused the accident. Mr. Getten was survived by two children from a prior marriage.

Liberty accepted liability for Getten's death and began payment of death benefits to Getten's children.

Subsequently, Getten's estate initiated a wrongful death action against Osborne and Zip Trucking. The wrongful death action resulted in a structured settlement which included a cash payment and an annuity for the surviving children. The settlement was well within the available policy limits.

When claimant's counsel initiated the third-party suit, he wrote to the adjuster for Liberty and requested that Liberty share costs and attorney's fees for the third-party suit. The adjuster wrote to counsel and requested some information about the third-party suit and estimated costs. Claimant's counsel did not reply to this letter. The adjuster then wrote to claimant's counsel and informed him that Liberty would participate in the third-party suit. Liberty agreed to pay its share of attorney's fees at the time the third-party claim settled in accord with claimant's

3

counsel's contingency fee agreement. Later, claimant's counsel forwarded a bill to respondent's adjustor for costs which Liberty paid minus some costs the adjuster decided were not related to the third-party suit.

Liberty demanded that it be subrogated to the third-party claim. Appellant disputed Liberty's claim, contending that Liberty had no subrogation right or alternatively only a right to 50% subrogation because Liberty did not participate in the third-party suit.

Issue I

Appellant contends that jurisdiction of the subrogation claim properly lies with Workers' Compensation Court for two reasons. First, appellant contends that § 39-71-414, MCA, does not give the Division jurisdiction because respondent's liability was fully determined prior to the third-party settlement. Secondly, the Division lacked jurisdiction, the appellant claims, because the third-party action was a wrongful death suit. We disagree.

The statute at issue is § 39-71-414, MCA (1985), which sets out an insurer's subrogation rights. The disputed language appears in subparagraph (5) which states:

> If the amount of compensation and other benefits payable under the Workers' Compensation Act have not been fully determined at the time the employee, the employee's heirs or personal representatives, or the insurer have settled in any manner the action as provided for in this section, the division shall determine what proportion of the settlement shall be allocated under subrogation. The division's determination may be appealed to the workers' compensation judge. (Emphasis added.)

4

Appellant interprets § 39-71-414(5), MCA, to require only that a final determination of benefits have been made prior to the third-party settlement. In the instant case, the Division entered its order awarding the beneficiaries compensation on March 20, 1985, prior to the third-party settlement.

We addressed § 39-71-414(5), MCA, and the Division's jurisdiction in subrogation claims, in First Interstate Bank of Missoula v. Tom Sherry Tire, Inc. (Mont. 1988), 764 P.2d 1287, 1289, 45 St.Rep. 2150, 2152. We stated the following:

> Third, only in those cases where the benefits are not determined at the time the third-party action is settled does the Division resolve the question of subrogation . . .
>
> However, the total amount of benefits and compensation payable by the insurer must be known to specify the amount of subrogation to which the insurer is entitled. Where the total amount of benefits and compensation are not known, the Montana legislature delegated to the Division the power of determining what proportion of the settlement is to be allocated under subrogation. (Emphasis added.)

This language clearly requires the Division to assume jurisdiction of subrogation claims when the total dollar amount of benefits is not determined prior to the third-party settlement. In the instant case, respondent's total liability could not have been determined on March 20, 1985, because of contingencies that affect the duration of benefits to the minor children. These contingencies, which relate to the effect of marriage and school on the duration of the benefits, necessarily cannot be resolved until the future. Therefore because its total liability was not fully determined prior to the third-party settlement,

5

§ 39-71-414(5), MCA, gives the Division jurisdiction to compute the amount of subrogation. We affirm the Workers' Compensation Court's decision that the Division had jurisdiction over the subrogation claim.

Appellant's second ground for attacking the Division's jurisdiction is that because the third-party action was a wrongful death action, neither the action nor the subrogation right arises under the Workers' Compensation Act. Our holding in Swanson v. Champion Internat'l Corp. (1982), 197 Mont. 509, 646 P.2d 1166, confirms that an insurer has a subrogation right in the economic portion of wrongful death recoveries. We reject appellant's argument.

Issue II

Appellant contends that respondent is not entitled to subrogation because the third-party settlement did not provide appellant with full legal redress and argues that Hall v. State Compensation Ins. Fund (1985), 218 Mont. 180, 708 P.2d 234 is analogous to this case. We disagree.

In Hall this Court held that when "a claimant is forced to settle for the limits of an insurance policy which, together with claimant's workers' compensation award, do not grant full legal redress to claimant, the insurer is not entitled to subrogation rights under § 39-71-414, MCA." Hall, 708 P.2d at 237. The Hall opinion distinguishes the Hall case from Brandner v. Travelers Ins. Co. (1978), 179 Mont. 208, 587 P.2d 933. This Court, in Brandner, found that the claimant was made whole by "a voluntary settlement in satisfaction of all claims" for an amount "not dictated by the upper limits of the insurance policy." Hall, 708 P.2d at 236. The instant case presents a voluntary settlement (approximately 1.5 million dollars) for less than the upper limits of the applicable insurance policy (six million

6

dollars). We hold that appellant received full legal redress.

Issue III

Appellant contends that the Workers' Compensation Court erred in finding that Liberty adequately responded to appellant's invitation to participate in the lawsuit.

This Court's task in reviewing a Workers' Compensation Court decision is to determine whether substantial evidence supports the Workers' Compensation Court's findings of fact and conclusions of law. Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 347, 704 P.2d 1048, 1050.

Although appellant acknowledges that respondent did agree to participate in the lawsuit, appellant argues that respondent's participation was not "explicit, immediate, and without reservation" because respondent refused to advance attorney's fees despite a clear request to do so. Section 39-71-414(2)(b), MCA, does not require that the insurer advance attorney's fees.

While § 39-71-414(2)(b), MCA, does not specifically require the insurer to advance attorney's fees, it does not prohibit insurers from either advancing attorney's fees or sharing attorney's fees in losing cases. Under proper circumstances and supported by a clear record, a request to "pay a proportionate share of the reasonable cost of the action, including attorney's fees" could require an insurer to advance attorney's fees.

Appellant's counsel pursued the third-party claim on a contingency fee basis. There is no advance of attorney's fees on a contingency fee contract. Further, the record contains conflicting evidence regarding when and how claimant's counsel requested advance payment of attorney's fees. We find that the Workers' Compensation Court's

7

decision that respondent adequately responded to appellant's request that it participate in the lawsuit is supported by substantial evidence.

Issue IV

Appellant contends that the evidence does not establish that fifty percent of the settlement amount was related to economic damages and thus subject to subrogation. As well, appellant claims that the evidence does not establish the amount of economic damages that represents reasonable contributions to the heirs derived from the decedent's earnings. A review of the record discloses that the Division's finding that $750,000 of the third-party settlement was subject to subrogation is supported by substantial evidence.

Appellant also objects to the admission into evidence of the settlement brochure and the depositions which she contends are hearsay. Section 39-71-2903, MCA (1985), provides that workers' compensation proceedings are not bound by formal rules of evidence. Regarding appellant's evidentiary objections, the Workers' Compensation Court held them to be without merit. The Workers' Compensation Court found that the deposition testimony was properly noticed and that the deponents lived beyond the jurisdictional limits. As to the settlement brochure, both the Division and the Workers' Compensation Court found that it was not privileged. The Division noted that the appellants had not reserved any rights regarding the settlement brochure in disseminating it to the third-party insurer. We affirm the Workers' Compensation Court's decisions regarding appellant's evidentiary objections.

## Issue V

Appellant contends that the Division incorrectly calculated the subrogation amount and that the Workers' Compensation Court used the wrong formula to review the Hearing Examiner's calculations. The Workers' Compensation Court used the formula found in Tuttle v. Morrison-Knudsen Co., Inc. (Mont. 1978), 177 Mont. 166, 580 P.2d 1379. Appellant asserts the formula in Swanson v. Champion Internat'l Corp. (1982), 197 Mont. 509, 646 P.2d 1166, should have been used. Further, the appellant asserts that no basis exists in § 39-71-414, MCA, for respondent to be reimbursed for its mandatory $1,000 payment to the uninsured fund.

Although appellant implies that the Swanson and Tuttle formulas are different, the formulas are identical. The Division did calculate the subrogation amount in accordance with Swanson and Tuttle.

Section 39-71-414(1), MCA, provides for "subrogation for all compensation and benefits paid or to be paid or to be paid under the Workers' Compensation Act." Appellant argues that the $1,000 contribution to the uninsured fund required by statute is neither compensation nor a benefit to the estate of the deceased. However, because the workers' compensation statute requires the $1,000 payment, it falls under § 39-71-414, MCA. We hold that the Division computed the subrogation amount correctly.

## Issue VI

Appellant's main contention regarding the Division's findings of fact appears to be that the Division essentially adopted the respondent's proposed findings of fact. Appellant offers no real argument beyond this contention. The standard of review for findings of fact is whether there is credible evidence to support the finding. Further, this

9

Court holds that reliance on counsel's proposed findings of fact is not automatic error. Moore v. Hardy (Mont. 1988), 748 P.2d 477, 45 St.Rep. 108. We reject appellant's contention.

We affirm the Workers' Compensation Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John C. Sheehy did not participate in this decision.