No. 89-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

DAVID A. MALEK,

          Claimant and Respondent,

    -vs-

HENRY'S SAFETY SUPPLY COMPANY,

          Employer,

   and

STATE COMPENSATION INSURANCE FUND,

          Insurer and Appellant.

_____

APPEAL FROM:   The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard E. Bach, Helena, Montana

    For Respondent:

        Geoffrey R. Keller; Matovich, Addy & Keller, Billings,
Montana

_____

Submitted on Briefs:  Feb. 9, 1990

Decided:   March 13, 1990

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

The State Compensation Insurance Fund appeals from a judgment of the Workers' Compensation Court ordering the Fund to return monies to the claimant. We affirm.

In this case we hold principally that the Workers' Compensation Court had subject matter jurisdiction to compel the State Compensation Insurance Fund, where no prior determination had been made as to subrogation rights by the Division of Workers' Compensation, to return subrogation funds to the claimant.

Respondent David Malek suffered an injury compensable under the Workers' Compensation Act when he was injured in an automobile accident on February 8, 1985. Malek fully settled the resulting third-party action for $25,000, the third-party driver's insurance policy limits.

On March 27, 1985, a claims examiner for the State Compensation Insurance Fund (Fund) informed Malek that the Fund was entitled to a 50 percent subrogation interest in his third-party settlement under the provisions of § 39-71-414, MCA. Malek thereafter paid the sum of $12,500 to the Fund.

Malek retained counsel in 1988 to pursue a claim for permanent partial disability benefits. Shortly thereafter Malek filed a petition with the Workers' Compensation Court seeking, amongst other things, to have the $12,500 subrogation payment refunded, as Malek alleged he had not been fully informed of the subrogation issues, and that until action by the Division no subrogation entitlement in favor of the Fund existed.

The Fund filed a motion to dismiss the portion of the petition relating to the determination and allocation of subrogation under the provisions of subsection (5) of § 39-71-414, MCA. That section reads:

> (5) If the amount of compensation and other benefits payable under the Workers' Compensation Act have not been fully determined at the time the employee, the employee's heirs or personal representatives, or the insurer have settled in any manner the action as provided for in this section, the department shall determine what proportion of the settlement shall be allocated under subrogation. The department's determination may be appealed to the workers' compensation judge.

The Workers' Compensation Court, pursuant to § 39-71-414(5), MCA, granted the Fund's motion to dismiss the subrogation issue. It then ordered the Fund to return immediately the $12,500 payment to the claimant.

The Fund now appeals the lower court's order, maintaining that the Workers' Compensation Court was without jurisdiction to order a return of the subrogation funds.

This Court recently held, in First Interstate Bank v. Tom Sherry Tire, Inc. (1988), ___ Mont. ___, 764 P.2d 1287, that the Workers' Compensation Court is without jurisdiction over the issue of subrogation where a third-party settlement precedes a petition for full and final settlement of workers' compensation benefits. In such a situation, under the statute, the Workers' Compensation Division, and not the Workers' Compensation Court, has jurisdiction.

The issue now before this Court requires a closer look at § 39-71-414(5), MCA, and the jurisdictional powers of the Workers' Compensation Court.

The Workers' Compensation Court is granted general jurisdiction by § 39-71-2905, MCA. This statute reads in part:

> Petition to workers' compensation judge. A claimant or an insurer who has a dispute concerning any benefits

3

under Chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter.

* * *

. . . The workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under Chapter 71 . . . ..

In State ex rel. Uninsured Employers' Fund v. Hunt (1981), 191 Mont. 514, 625 P.2d 539, this Court, in review of § 39-71-2905, MCA, stated that:

> [The Workers' Compensation Court] has been given broad powers concerning benefits due and payable to claimants under the Act. It has the power to determine which of several parties is liable to pay Workers' Compensation benefits, or if subrogation is allowable, what apportionment of liability may be made between insurers, and other matters that go beyond the minimum determination of the benefits payable to an employee. (Emphasis added.)

Amendments to § 39-71-2905, MCA, since Hunt, have mandated certain dispute resolution requirements to be comported with prior to petitioning the Workers' Compensation judge. Subrogation rights under § 39-71-414(5), MCA, are not included in those dispute resolution requirements.

Hence we have a situation where the Fund claims that, under § 39-71-414(5), MCA, and this Court's interpretation of that statute in First Interstate, the Workers' Compensation Court has no jurisdiction at this time as to subrogation. On the other hand, the claimant maintains that the Workers' Compensation Court's jurisdiction extends to the dispute here by virtue of § 39-71-2905, MCA, and our interpretation of that statute in Hunt.

4

We concur with the claimant on this issue. The Workers' Compensation Court noted correctly that the determination of the amount of subrogation is a matter to be addressed initially by the Division, under § 39-71-414(5), MCA. The Court then pointed out that the Fund had no right to be in possession of subrogation funds until a Division determination as to subrogation rights occurred. The claimant is disputing the Fund's right to claim any subrogation funds prior to the Division determination, and it was within the court's jurisdiction, as authorized by § 39-71-2905, MCA, to determine this dispute over benefits.

There can be no question that the State Fund is improperly in possession of $12,500 of claimant's third-party settlement, as the rights to subrogation had not been first determined by the Division. The Workers' Compensation Court had jurisdiction in this dispute over benefits, and ruled properly. We hereby affirm the Workers' Compensation Court order to the State Fund to return the $12,500 to claimant, along with accrued interest.

John C. Sheehy
_____
                    Justice

We Concur:

William E. Hunt Sr.
_____

Diane G. Barz
_____

_____

_____
          Justices

5