No. 91-093

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

WAYNE FRANCETICH,

     Claimant and Appellant,

  -vs-

STATE COMPENSATION MUTUAL INSURANCE FUND,

     Defendant and Respondent.

FILED

MAR 10 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  Workers' Compensation Court,
               The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Don Edgar Burris argued, Attorney at Law, Billings, Montana.

     For Respondent:

         Laurence A. Hubbard argued, Attorney at Law, Helena, Montana;   Mark E. Cadwallader, Attorney at Law, Helena, Montana

     For Amicus Curiae:

         Patricia Cotter argued, Cotter & Cotter, Great Falls, Montana.

Submitted:  November 5, 1991

Decided:  March 10, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Claimant and appellant Wayne Francetich suffered an on-the-job injury on December 2, 1988. Respondent State Compensation Mutual Insurance Fund accepted liability and paid workers' compensation benefits to the claimant. The claimant also obtained a policy limits insurance settlement from the third party responsible for the accident. The State Fund attempted to exercise subrogation rights pursuant to § 39-71-414(6)(a), MCA. The claimant resisted the State Fund's attempt to subrogate, contending that the statute providing for subrogation in this instance is in direct violation of Article II, Section 16, of the Montana Constitution. We reverse.

We are presented with the following three issues for review:

1. Is § 39-71-414(6)(a), MCA, unconstitutional in that it directly contravenes the clear language of Article II, Section 16, of the Montana Constitution?

2. Does § 39-71-414(6)(a), MCA, violate constitutional guarantees of equal protection?

3. Does § 39-71-414(6)(a), MCA, violate the worker's right to due process of law?

Because of our holding on issue one that § 39-71-414(6)(a), MCA, is unconstitutional, we need not address issues two and three. The determinative issue before this Court is whether § 39-71-414(6)(a), MCA, is unconstitutional in that it directly

contravenes the clear language of Article II, Section 16, of the Montana Constitution.

Claimant petitioned for a hearing before the Department of Labor and Industry for a determination of the State Fund's subrogation interest. The parties submitted their dispute to an administrative hearing officer before the Department of Labor and Industry by way of the following stipulated uncontested facts, along with a motion for summary judgment.

1. On December 2, 1988, the claimant Wayne Francetich suffered an industrial injury while employed by an insured of the respondent State Fund.

2. The State Fund paid temporary total disability and other benefits to claimant.

3. Claimant accepted a policy limits settlement in the amount of $25,000 from the third-party tortfeasors responsible for the December 2, 1988, accident.

4. The State Fund contends that it has a 50 percent subrogation interest in the settlement proceeds from the claimant's third-party recovery and is entitled to subrogation in the amount of $10,865.14.

5. The State Fund demanded payment from claimant in the sum of $5,391.03, that amount being 50 percent of the benefits previously paid to claimant.

6. On April 6, 1990, the State Fund refunded to claimant the aforesaid $5,391.03 pursuant to the decision of this Court in Malek

3

v. Henry's Safety Supply Company (1990), 242 Mont. 311, 790 P.2d 965.

7. The State Fund has demanded that it only be required to pay any future compensation or medical benefits to the claimant at 50 percent until the State Fund has reached their total entitlement of $10,879.61.

On September 26, 1990, the hearing examiner granted summary judgment for the respondent while correctly declining to address the constitutional questions on the grounds that administrative agencies lack the necessary judicial power to decide such issues. Jarussi v. Board of Trustees (1983), 204 Mont. 131, 135-36, 664 P.2d 316, 318. Claimant appealed this decision to the Workers' Compensation Court. Following a briefing of the constitutional issues by the parties, the Workers' Compensation Court on January 17, 1991, entered its order on appeal, affirming the administrative decision of the Department of Labor and Industry. Claimant appeals from the decision of the Workers' Compensation Court.

Both parties stipulated to an agreement of facts below and the dispute was before the Workers' Compensation Court solely for an interpretation of the law. In reviewing conclusions of law of the Workers' Compensation Court, we apply a different standard of review than we would if reviewing factual findings. Factual findings by the Workers' Compensation Court are reviewed using the

4

substantial credible evidence standard. Our review of conclusions of law is, as we recently stated:

> "In such a case, the appropriate standard of review is simply whether the lower court's interpretation of the law is correct. We are not bound by the lower court's conclusion and remain free to reach our own."

Schaub v. Vita Rich Dairy (1989), 236 Mont. 389, 391, 770 P.2d 522, 523. We explained the rational for this standard in Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601:

> The reasoning for simply determining if the court's conclusions are correct is that no discretion is involved when a tribunal arrives at a conclusion of law—the tribunal either correctly or incorrectly applies the law. For that reason, this Court concludes that our standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers' compensation court, or trial court, is whether the tribunal's interpretation of the law is correct.

Steer, 803 P.2d at 603. The instant case involved only an interpretation of the law by the Workers' Compensation Court, and therefore, upon review we will simply determine whether or not the conclusion was correct.

Additionally, this case involves the interpretation of a statute that is being challenged on constitutional grounds. This Court has long held that when the constitutionality of a statute is in question:

> "We commence inquiry into the constitutional questions with the well-settled rule that when the constitutionality of a statute is under scrutiny, the statute is presumed to be constitutional and [that] the party attacking it has the burden of proving its invalidity. [Citations omitted.] This presumption of validity applies to all legislative enactments and it is the duty of the court to resolve all conceivable doubts in favor

5

of validity whenever possible. [Citations omitted.]"
*Reeves v. Ille Electric Co.* (1976), 170 Mont. 104, 109, 551 P.2d
647, 650.

McClanathan v. Smith (1980), 186 Mont. 56, 65-66, 606 P.2d 507,
512.

This case involves an analysis of § 39-71-414(6)(a), MCA, in
relation to Article II, Section 16, of the Montana Constitution.
Section 39-71-414(6)(a), MCA, provides:

> The insurer is entitled to full subrogation rights
> under this section, even though the claimant is able to
> demonstrate damages in excess of the workers'
> compensation benefits and the third-party recovery
> combined. The insurer may subrogate against the entire
> settlement or award of a third party claim brought by the
> claimant or his personal representative, without regard
> to the nature of the damages.

Article II, Section 16, of the Montana Constitution, as
amended in 1972, provides:

> Courts of justice shall be open to every person, and
> speedy remedy afforded for every injury of person,
> property, or character. No person shall be deprived of
> this full legal redress for injury incurred in employment
> for which another person may be liable except as to
> fellow employees and his immediate employer who hired him
> if such immediate employer provides coverage under the
> Workmen's Compensation Laws of this state. Right and
> justice shall be administered without sale, denial, or
> delay. [Emphasis added.]

The emphasized portion of Article II, Section 16, was added by
amendment during the Constitutional Convention of 1972. Subsection
6(a) was added to § 39-71-414, MCA, in 1987. Prior to the 1987
amendment, the statute was silent concerning the issue of
subrogation when the injured worker's damages were in excess of the
workers' compensation benefits and the third-party recovery

6

combined. This is the first time that we have been called upon to review the 1987 amendment to the subrogation statute in light of Article II, Section 16, of the Montana Constitution.

A review of the history of the cases interpreting Article II, Section 16, as well as those cases discussing subrogation when the injured worker's damages exceed the worker's compensation benefits and the third-party recovery combined, is necessary to demonstrate the rationale and reasoning underlying our decision in this case.

A good starting point for the discussion on Article II, Section 16, is our decision in White v. State (1983), 203 Mont. 363, 661 P.2d 1272. In White, the issue before this Court was the constitutionality of § 2-9-104, MCA (1981), a statute which limited the liability of any governmental entity of the State. The statute provided that governmental entities were not liable for noneconomic damages, nor for any economic damages in excess of $300,000 for any one claimant, or more than $1,000,000 in any one occurrence. White held that Article II, Section 16, created a fundamental right to full legal redress for all injuries. The Court stated in White that:

> Article II, section 16 of the Montana Constitution guarantees that all persons shall have a "speedy remedy . . . for every injury of person, property, or character." In *Corrigan v. Janney* (1981), Mont., 626 P.2d 838, 38 St.Rep. 545, this Court held that it is "patently unconstitutional" for the legislature to pass a statute which denies a certain class of Montana citizens their causes of action for personal injury and wrongful death. We affirm and refine our holding in *Corrigan v. Janney*, supra; we hold that the Montana Constitution guarantees that all persons have a speedy remedy for every injury.

7

> The language "every injury" embraces all recognized compensable components of injury, including the right to be compensated for physical pain and mental anguish and the loss of enjoyment of living.

White, 661 P.2d at 1275. Having found a fundamental right to full legal redress, White then held that the statute in question violated the equal protection guarantee of the Montana Constitution. The State could provide no compelling interest to justify classifying tortfeasor victims on the basis of whether they had suffered pain and loss of quality of life or whether they had suffered primarily economic loss. The section in its entirety was found to be unconstitutional.

In 1989, this Court again had the opportunity to examine Article II, Section 16, in Meech v. Hillhaven West, Inc. (1989), 238 Mont. 21, 776 P.2d 488. Meech involved a challenge to the Wrongful Discharge From Employment Act on the grounds that the Act violated an individual's fundamental right to full legal redress within the meaning of Article II, Section 16, of the Montana Constitution. In Meech, this Court concluded that full legal redress, as provided for in the Montana Constitution, means "the equal right to be made whole again by what the law defines as a cause of action and its elements." Meech, 776 P.2d at 498. Further, it is up to the courts and the legislature to determine what constitutes available causes of action, remedies, and redress. Therefore, this Court held that there is no fundamental right to any particular cause of action, remedy, or redress. Regarding the

8

second sentence of the provision which specifically refers to full legal redress, the majority stated that "the delegates narrowly drafted the amendment to accomplish the single purpose of limiting the lawmakers' power in restricting third-party actions in workers' compensation law." Meech, 776 P.2d at 497. Additionally in Meech, this Court stated that:

> [T]he testimony before the Convention demonstrates that the amendment to Article II, Section 16, was to operate in only one particular area of law. Specifically, the addition prevents lawmakers, that is both the courts and the legislature, from denying workers' compensation claimants a *cause of action* against negligent third parties for job related injuries. The amendment did not seek to define "full legal redress" as a fundamental right which could not be altered by the legislature.

Meech, 776 P.2d at 499.

Several cases involving subrogation also need to be examined. In Skauge v. Mountain States Telephone and Telegraph (1977), 172 Mont. 521, 565 P.2d 628, the plaintiffs' rented home was destroyed by an explosion. The value of the plaintiffs' personal property destroyed exceeded $11,000. The personal property was insured up to $4000, and this amount was paid to the plaintiffs by the insurer. Plaintiffs then initiated suit against a third party who plaintiffs alleged were responsible for the fire. The issue before this Court in Skauge was whether the insurer could subrogate from any award the plaintiffs might recover, and if so, how much was the insurer entitled to. In Skauge, we held that:

> [T]he doctrine of legal subrogation is applied to subserve the ends of justice and to do equity in the particular case under consideration. *Bower v. Tebbs*, supra.

9

> For these reasons we adopt the view that when the insured has sustained a loss in excess of the reimbursement by the insurer, the insured is entitled to be made whole for his entire loss and any costs of recovery, including attorney's fees, before the insurer can assert its right of legal subrogation against the insured or the tortfeasor.

Skauge, 565 P.2d at 632.

The issue of subrogation in relation to Article II, Section 16, of the Montana Constitution was considered by this Court the year following the Skauge decision in Brandner v. Travelers Insurance Company (1978), 179 Mont. 208, 587 P.2d 933. In Brandner this Court allowed subrogation against a third-party recovery by an injured worker. The worker, an employee of Con Agra Montana, Inc., was injured while loading a railroad car owned by Burlington Northern. The worker then settled with Burlington Northern for $70,000, an amount not dictated by the upper limits of any insurance policy. The employer's insurer sought subrogation for amounts previously paid to the injured worker. The insurer disagreed with the Workers' Compensation Court's determination concerning the subrogation right and sought review by this Court. This Court reversed the Workers' Compensation Court and held that subrogation was appropriate in light of Article II, Section 16, of the Montana Constitution. The Court also distinguished the situation in Brandner from the decision in Skauge. The basis for this distinction apparently was the Court's belief that the injured worker's voluntary settlement with the third party for less then the upper limits of the third party's insurance policy indicated

10

that the worker had been fully compensated for his injuries. There is language in Brandner which might be viewed as indicating that subrogation might have been appropriate even if the injured worker had not been fully compensated for his injuries. To the extent that Brandner might be interpreted as allowing for subrogation prior to the injured worker receiving full compensation it is overruled.

In Hall v. State Compensation Insurance Fund (1985), 218 Mont. 180, 708 P.2d 234, this Court was faced with a factual situation nearly identical to the present case. The claimant in Hall suffered damages in excess of the workers' compensation benefits and a policy limits recovery of $25,000 from the responsible third-party tortfeasor combined. The insurer sought subrogation from the third-party recovery, even though the injured worker had not been made whole. In 1985, the subrogation statute was silent as to an insurer's subrogation rights before the injured worker was made whole. The Court relied on its decision in Skauge and the theory of equitable limitation on legal subrogation in deciding that the insurer in Hall could not subrogate until the injured worker had been made whole. Additionally, the Hall decision mentioned White, and indicated that allowing subrogation in this instance, when the injured worker's damages exceeded his total recovery, would violate his fundamental right to full legal redress created by Article II, Section 16, of the Montana Constitution. The result in Hall was, therefore, justified on two separate

11

grounds. In the absence of statutes governing like cases, this Court was free to apply appropriate theories of equity in reaching our conclusion. Additionally, the fundamental right to full legal redress established in White served as an alternative basis for the decision.

We again considered this same issue in the recent case of Zacher v. American Insurance Company (1990), 243 Mont. 226, 794 P.2d 335. It should be noted that although Zacher was decided in 1990, it construed the 1983 subrogation statute. The claimant was injured in 1983 and it is well-settled that the statute existing at the time of the injury governs. Watson v. Seekins (1988), 234 Mont. 309, 312, 763 P.2d 328, 331. Additionally, it is significant to recognize that the Meech decision was a 1989 decision and in effect at the time of Zacher. The claimant alleged in Zacher that allowing subrogation under these circumstances would deprive him of full legal redress. This Court agreed that the insurer was not entitled to subrogation, but did not rely on the full legal redress argument presented by the claimant in reaching that conclusion. Instead, the Court relied on the equitable limitation on legal subrogation doctrine which was the basis for the earlier Skauge and Hall opinions. This doctrine is based

> [U]pon an equitable balancing of the rights of the insurer as compared to the claimant. As previously quoted, the basic conclusion is that when the amount recovered by a claimant is less than the claimant's total loss, with a result that either the claimant or the insurer must to some extent go unpaid, then it is equitable that the loss be born by the insurer which had

12

been paid an insurance premium for the assumption of its liability.

Zacher, 794 P.2d at 338. To the extent that the Hall decision had relied on White, and the full legal redress doctrine which was abandoned in Meech, it was overruled.

We are presented with the same factual circumstances in this case as in both Hall and Zacher. However, this is the first case to come before the Court since the 1987 amendment to the workers' compensation subrogation statute which specifically directs that the insurer shall have the right to subrogate even though the injured worker's damages exceed his total recoveries. This specific legislative directive effectively overrules the equitable theories concerning subrogation that this Court relied on in deciding Hall and Zacher, i.e., that subrogation could not begin until the injured worker had been made whole.

However, the claimant argues that subrogation in this instance specifically violates the second sentence of Article II, Section 16, of the Montana Constitution, which was added during the Constitutional Convention of 1972. The claimant recognizes that in Meech this Court held that entitlement to full legal redress is not a fundamental right. The claimant argues, however, that the present situation is the one instance in which the Montana Constitution does specifically guarantee a full legal redress, which neither the courts nor the legislature may take away.

13

Section 39-71-414(6)(a), MCA, restricts an injured worker's right to obtain a full legal redress against third-party tortfeasors. The second sentence of Article II, Section 16, states this cannot be done. The record of the debate at the Convention is clear that this was the delegates' intent in amending the provision. The second sentence is mandatory, prohibitive, and self-executing and it prohibits depriving an employee of his full legal redress, recoverable under general tort law, against third parties. Finally, as noted above, we recognized and explained this very idea in Meech.

We hold that § 39-71-414(6)(a), MCA, is unconstitutional in light of the clear and direct language of Article II, Section 16, of the Montana Constitution. We hold that in a case of reasonably clear liability where a claimant is forced to settle for the limits of an insurance policy which, together with claimant's workers' compensation award, do not grant full legal redress under general tort law to the claimant, under workers' compensation laws the insurer is not entitled to subrogation rights under § 39-71-414, MCA.

The record before the Workers' Compensation Court does not contain evidence relative to the extent of the damages, recovery, costs of recovery, and attorney fees so far as the claimant is concerned. We therefore remand the matter to the Workers' Compensation Court so that the court may make a factual determination as to whether the claimant's damages and costs of

14

being made whole exceed his workers' compensation and third-party recovery combined, and for an appropriate order in accordance with the principles stated in this opinion.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

15

March 10, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Don Edgar Burris
Attorney at Law
P.O. Box 2344
Billings, MT 59103

Laurence A. Hubbard, Legal counsel
State Comp. Mutual Ins. Fund
5 So. Last Chance Gulch
Helena, MT 59601

Patricia Cotter, Esq.
Cotter & Cotter
P.O. Box 3425
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy