No. 97-630

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 125


COLLEEN CONNERY,

Petitioner and Respondent,

v.

LIBERTY NORTHWEST INSURANCE, CORP.,

Respondent, Appellant and
Insurer for

WINTER SPORTS, INC.,

Employer.



APPEAL FROM:   The Workers' Compensation Court,
Honorable Mike McCarter, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Larry W. Jones, Missoula, Montana

For Respondents:

David W. Lauridsen, Columbia Falls, Montana



Submitted on Briefs:   March 26,1998

Decided:  May 26, 1998
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In this action, the Workers' Compensation Court declared unconstitutional the benefit reduction provision of 39-71-416(1), MCA. The employer's insurer, Liberty Northwest Insurance Corporation (Liberty), appeals. We affirm.

The issue is whether the Workers' Compensation Court erred in ruling that 39-71-416(1), MCA, violates a worker's right to full legal redress under Article II, Section 16 of the Montana Constitution.

Colleen Connery was injured on December 10, 1995, when a co-employee, Mark Roy, collided with her on the Big Mountain Ski Hill. The injury occurred within the course and scope of Connery's employment. Connery v. Liberty Northwest Ins. Corp. (1996), 280 Mont. 115, 929 P.2d 222.

In addition to filing for workers' compensation benefits, Connery filed a claim against Roy's homeowner's insurance carrier. The elements of the claim against Roy's insurer were past medical expenses of $3,451.27; future medical expenses of $500; past wage loss of $2,280; pain and suffering of $25,255; and loss of enjoyment of an established course of life of $25,255. In February 1997, Connery settled her claim with Roy's insurer for $27,500.

Liberty has paid Connery wage loss benefits of $1,352.34 and medical benefits of $2,570.95 and $376.57. The parties agree that Connery has a 7 percent impairment rating as a result of her injury, entitling her to permanent partial disability benefits of $1,354.12. However, Liberty has refused to pay Connery's impairment rating on the basis that an offset under the 30 percent reduction of benefits pursuant to 39-71-416(1), MCA, relieves it of that liability.

Section 39-71-416(1), MCA, provides:

> If an employee is injured or dies and obtains a third-party recovery, settlement, or award, an insurer may reduce by 30% the benefits paid or that are required to be paid to the employee or beneficiary pursuant to chapter 71 or 72 as a result of the injury or death. The reduction applies to any recovery, settlement, or award regardless of the form of action or the nature of damages. The total of any reductions may not exceed 30% of any third-party recovery, settlement, or award.

Liberty asserts that Connery in fact owes it $340.08 if the full 30 percent reduction is taken.

The Workers' Compensation Court reviewed this case on an agreed statement of facts. The court ruled that on its face, 39-71-416(1), MCA, ignores a worker's right to full legal redress as guaranteed under Article II, Section 16, Mont. Const. It declared 39-71-416(1), MCA, unconstitutional

and void, and concluded that Liberty was liable to Connery for the full amount of benefits otherwise due her under the Workers' Compensation Act without reduction on account of 39-71-416(1), MCA.

### DISCUSSION

8 Did the Workers' Compensation Court err in ruling that 39-71-416(1), MCA, violates a worker's right to full legal redress under Article II, Section 16 of the Montana Constitution?

9 Our standard of review of a trial court's conclusions of law is simply whether the lower court's interpretation of the law is correct. Francetich v. St. Comp. Mut. Ins. Fund (1992), 252 Mont. 215, 218, 827 P.2d 1279, 1281. When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional, and the party attacking it has the burden of proving it unconstitutional. Francetich, 252 Mont. at 218-19, 827 P.2d at 1282.

10 Liberty points out that this Court has previously endorsed the legislature's elimination of certain types of work-related injuries from coverage under the Workers' Compensation Act. In Stratemeyer v. Lincoln County (1993), 259 Mont. 147, 855 P.2d 506, the Court affirmed the exclusion of mental-mental and mental-physical claims from workers' compensation coverage. In Watson v. Seekins (1988), 234 Mont. 309, 763 P.2d 328, we upheld a statute requiring an insurer to reduce its payment of total disability benefits to partially offset social security benefits, which result, as the concurring opinion pointed out, was dictated by federal law limiting total social security and workers' compensation benefits. And, in Murer v. State Compensation Mut. Ins. (1994), 267 Mont. 516, 885 P.2d 428, the Court upheld a temporary cap on maximum permanent and temporary total disability benefit amounts. Liberty maintains that like the laws approved in those cases, the 30 percent statutory reduction results in an insurer's decreased liability for the payment of benefits without invading a claimant's third-party recovery.

11 Unlike the provisions upheld in the cases cited by Liberty, the statute here at issue does not create a new class of benefits or eliminate any benefits, nor is it dictated by federal law. Instead, the statute gives the insurer a separate right to reduce benefits whenever an injured worker has obtained a third-party settlement or award. Article II, Section 16, Mont. Const., provides:

> Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state. Right and justice shall be administered without sale, denial, or delay.

In none of the cases cited by Liberty did the benefit entitlement reduction provision at issue conflict with this full legal redress provision of Montana's Constitution.

12 Liberty wisely does not claim a subrogation interest in Connery's third-party settlement. An insurer may subrogate only if a client has been "made whole" by a third-party recovery. In 1987, the legislature attempted to statutorily abolish the "made whole" rule by expressly providing insurers with the right to recover the full amount of their subrogation interests regardless of whether a claimant had been made whole for his entire loss. Section 39-71-414(6)(a), MCA (1987). The statute was challenged as violative of Article II, Section 16, Mont. Const., and this Court struck it down. In doing so, we stated:

> Section 39-71-414(6)(a), MCA, restricts an injured worker's right to obtain a full legal redress against third-party tortfeasors. The second sentence of Article II, Section 16, states this cannot be done. The record of the debate at the Convention is clear that this was the delegates' intent in amending the provision. The second sentence is mandatory, prohibitive, and self-executing and it prohibits depriving an employee of his full legal redress, recoverable under general tort law, against third parties.

Francetich, 252 Mont. at 224, 827 P.2d at 1285.

13 In the present case, as the Workers' Compensation Court correctly reasoned, 39-71-416(1), MCA, facially ignores the worker's right to full legal redress. If an injured worker gets anything, however short of full legal redress, the insurer is entitled to reduce by 30 percent the benefits otherwise payable to the injured worker. The net effect of the statute is to transfer dollars recovered from the third-party tortfeasor back to the insurer. That transfer is plainly contrary to the full legal redress provision.

14 Liberty argues that the 30 percent reduction does not affect Connery's third-party recovery and that the statute merely deals with a claimant's entitlement to benefits. This argument is without merit. But for her third-party recovery, Connery would be entitled to full workers' compensation benefits without reduction. It is the third-party recovery which triggers the insurer's right to reduce her benefits. As the Workers' Compensation Court pointed out, the effect of the statute is more lethal than any subrogation provision because the reduction is automatic and arbitrary.

15 We conclude that the Workers' Compensation Court did not err in holding unconstitutional 39-71-416(1), MCA. We therefore affirm the court's decision.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/  JIM REGNIER

/S/  W. WILLIAM LEAPHART