No. 98-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 206

295 Mont. 476

985 P.2d 150

STATE OF MONTANA,

Plaintiff and Appellant,

v.

ERICK BEDWELL,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Michael L. Rausch, Deputy

County Attorney, Great Falls, Montana

For Respondent:

Larry A. LaFountain, Attorney at Law, Great Falls, Montana

Submitted on Briefs: May 13, 1999

Decided: September 9, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ The State of Montana (State) appeals from the order of the Eighth Judicial District Court, Cascade County, concluding that §§ 41-5-206(2) and 41-5-206(3), MCA, are unconstitutional. We reverse and remand.

## BACKGROUND

¶ On August 27, 1997, the State moved the District Court for leave to file an information charging Erick Bedwell (Bedwell) with the felony offenses of burglary and theft and the misdemeanor offense of criminal mischief. The motion was filed pursuant to § 41-5-206 (2), MCA, which requires a county attorney to petition for leave to file an information in district court, rather than bringing an action in youth court, when the offense at issue is enumerated in § 41-5-206(1), MCA, and the youth was 17 years old at the time of the alleged offense. The State's motion and supporting affidavit stated that Bedwell had committed, *inter alia*, the offense of burglary, one of the offenses enumerated in § 41-5-206(1), MCA, and that he was 17 years old at the time he allegedly committed the offenses; the facts underlying the charges also were set forth. The motion and affidavit further asserted that, considering the seriousness of the offenses and the interests of community protection, the court should grant leave to file the information charging Bedwell as an adult. The District Court granted leave to file the information based on the statements in the motion and affidavit.

¶ Bedwell subsequently moved to dismiss the information "due to legal violations," contending that §§ 41-5-206(2) and 41-5-206(3), MCA, are unconstitutional in that they violate the separation of powers doctrine by vesting the court with prosecutorial powers and they violate his rights to due process and equal protection. The District Court concluded the challenged subsections of the statute violated the separation of powers doctrine and remanded the case to the State to file in youth court. The State appeals.

## STANDARD OF REVIEW

¶ Our review of questions involving constitutional law is plenary. State v. Schnittgen (1996), 277 Mont. 291, 295, 922 P.2d 500, 503. A district court's resolution of an issue involving a question of constitutional law is a conclusion of law which we review to determine whether the conclusion is correct. Schnittgen, 277 Mont. at 295-96, 922 P.2d at 503.

## DISCUSSION

No

¶ Did the District Court err in concluding that §§ 41-5-206(2) and 41-5-206(3), MCA, are unconstitutional?

¶ The Montana Legislature created the youth court and generally granted it exclusive original jurisdiction of all proceedings in which it is alleged that a youth under the age of 18 has violated any state law other than a traffic or fish and game law. See § 41-5-203(1), MCA. The Legislature provided exceptions to the youth court's exclusive jurisdiction, however, one of which is at issue in the present case. Specifically, § 41-5-203(1), MCA, excepts from the youth court's exclusive jurisdiction cases filed in the district court under § 41-5-206, MCA. That statute provides, in pertinent part, that the State

> shall file with the district court a petition for leave to file an information in district court if the youth was 17 years of age at the time the youth committed an offense listed under subsection (1).

Section 41-5-206(2), MCA. In turn, burglary is an offense listed in § 41-5-206(1), MCA. Once the State files such a petition,

> [t]he district court shall grant leave to file the information if the court finds that there is probable cause to believe that the youth has committed the alleged offense and that, considering the seriousness of the offense and in the interests of community protection, the case should be filed in the district court.

Section 41-5-206(3), MCA.

¶ Here, the State moved the District Court pursuant to § 41-5-206(2), MCA, for leave to file an information charging Bedwell, as an adult, with the felony offenses of burglary and theft and with misdemeanor criminal mischief. The District Court found that probable cause existed to believe Bedwell committed the alleged offenses and that the seriousness of the offenses, combined with the interest of protecting the community, warranted transferring the case from youth court to district court. On that basis, the District Court granted the State leave to file the information.

¶ Bedwell subsequently moved to dismiss the information. He asserted that §§ 41-5-206 (2) and 41-5-206(3), MCA, violated the separation of governmental powers provision in Article III, Section 1 of the Montana Constitution by granting executive powers to the

judiciary and, as a result, the information filed pursuant to those subsections was unlawful. Specifically, Bedwell argued that § 41-5-206(3), MCA, impermissibly grants district courts the prosecutorial power to determine the manner in which to enforce laws with respect to specified juvenile offenders by allowing the courts discretion to decide whether a juvenile should be treated as an adult. The District Court concluded that the subsections of the statute at issue violated the separation of powers doctrine by authorizing district courts to determine the legal forum in which a juvenile proceeding should be prosecuted, thus allowing the courts to indirectly determine what charges should be filed against the youth.

¶ The State asserts that the District Court erred in concluding the statute violated the separation of powers doctrine because § 41-5-206(3), MCA, does not grant district courts any prosecutorial powers. According to the State, the statute merely allows district courts to exercise discretion in determining whether to accept or reject jurisdiction over juvenile offenders under specified circumstances and this is a proper judicial function. We agree.

¶ Article III, Section 1 of the Montana Constitution provides that

> [t]he power of the government of this state is divided into three distinct branches--legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.

The executive branch of government is charged with the duty of ensuring that the laws of the state are faithfully executed. Art. VI, § 4, Mont. Const. More particularly, Montana's county attorneys--members of the executive branch--are charged with the duty to conduct, on the state's behalf, all prosecutions for public offenses. Section 7-4-2716(1), MCA. In discharging that duty, county attorneys have broad discretion to determine whether to prosecute an offender and what offense to charge. State ex rel. Fletcher v. Dist. Court (1993), 260 Mont. 410, 414-15, 859 P.2d 992, 995.

¶ Section 41-5-206(2), MCA, does not usurp or intrude into these prosecutorial duties and powers. A county attorney retains full discretion to determine whether to bring an action against a juvenile offender and, if an action is initiated, to determine what offense(s) will be charged. Section 41-5-206(2), MCA, merely requires that, if a county attorney charges a juvenile who is 17 years old with certain specified offenses, he or she must petition for

leave to file the information in district court rather than bringing the action in youth court.

¶ Similarly, § 41-5-206(3), MCA, does not intrude a district court into executive branch powers. Once the State files its motion, the district court must accept jurisdiction over the case and grant leave to file the information in the event it finds that such action is warranted by the seriousness of the offense and the interests of community protection. See § 41-5-206(3), MCA. If the court finds that the seriousness of the offense and interests of community protection do not warrant filing the action in district court, the youth court retains jurisdiction over the matter. See § 41-5-206(4), MCA. In making this determination of whether to accept jurisdiction of a case involving a juvenile offender, a district court is not making a prosecutorial decision on how the law should be enforced. It is not deciding whether a prosecution should go forward or what charges should be brought. The court simply is determining, pursuant to the criteria set forth by the Legislature, whether it should exercise jurisdiction over the case. This determination clearly is a proper judicial function.

¶ "The legislature's power to create the youth courts is unquestionable." Matter of Wood (1989), 236 Mont. 118, 127-28, 768 P.2d 1370, 1376; see also Art. VII, § 1, Mont. Const. This legislative power inherently includes the authority to formulate and revise the parameters of the youth courts' jurisdiction over youth matters. Matter of Wood, 236 Mont. at 128, 768 P.2d at 1376. To that end, the Legislature enacted §§ 41-5-206(2) and 41-5-206(3), MCA, to provide criteria by which the parameters of youth and district court jurisdiction are to be determined under certain limited circumstances. We conclude that these statutory provisions are jurisdictional in nature and do not vest the judiciary with executive branch prosecutorial powers to determine the manner in which Montana's criminal laws are enforced. Therefore, we further conclude that §§ 41-5-206(2) and 41-5-206(3), MCA, do not violate the separation of powers provision in Article III, Section 1 of the Montana Constitution.

¶ Bedwell's motion to dismiss the information also argued that § 41-5-206(3), MCA, violates his rights to due process and equal protection of the laws. Having concluded that the subsections violated the constitutional separation of powers doctrine, the District Court did not analyze Bedwell's additional arguments, but did state that it found the arguments meritorious. Bedwell reiterates his due process and equal protection arguments on appeal as alternative bases for affirming the District Court's decision. In that regard, he contends that § 41-5-206(3), MCA, provides a district court with discretionary authority to accept jurisdiction of a case charging a juvenile offender as an adult by making findings relating

to the seriousness of the offense and the need for community protection, but does not provide for a hearing or other mechanism by which the court can obtain the facts necessary to make that determination. He argues that the failure of § 41-5-206(3), MCA, to provide for such a hearing violates his right to due process and equal protection of the laws.

¶ We recently addressed this argument as it relates to due process in State v. Butler, 1999 MT 70, 977 P.2d 1000, 56 St.Rep. 291. There, we held that due process requires a district court to hold a hearing prior to determining whether to grant leave to file an information under § 41-5-206(3), MCA. Butler, ¶ 32. While the statute does not expressly require a hearing, we concluded it was not necessary to declare the statute unconstitutional on that basis as long as the district court afforded the juvenile offender the requisite due process hearing. Butler, ¶ 32. Similarly, remanding this case to the District Court for the required hearing will resolve the concerns raised by Bedwell in his due process and equal protection arguments. As a result, we need not address these arguments further.

¶ We hold that the District Court erred in concluding that §§ 41-5-206(2) and 41-5-206(3), MCA, are unconstitutional. However, because Bedwell was not afforded the due process hearing on the State's motion for leave to file the information required by Butler, we instruct the District Court on remand to vacate its order granting leave to file the information and to hold a hearing on the State's motion.

¶ Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY


We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER