No. 99-687

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 348

303 Mont. 249

16 P. 3d 1000

IN RE THE PETITIONS TO TRANSFER

TERRITORY FROM BELGRADE ELEMENTARY

AND HIGH SCHOOL DISTRICTS NO. 44 TO

MONFORTON ELEMENTARY DISTRICT NO. 27

AND BOZEMAN HIGH SCHOOL DISTRICT NO. 7.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael W. Dahlem, Attorney at Law, Whitefish, Montana

For Respondent:

Susan B. Swimley, Gallatin Chief Deputy County Attorney, Bozeman

Montana (Respondent Gallatin County Superintendent of Schools)

Brad and Heidi Haderlie, Pro Se, Bozeman, Montana

Submitted on Briefs: April 13, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Belgrade Elementary and High School District No. 44 ("Belgrade School District") appeals from the Order entered by the Eighteenth Judicial District Court, Gallatin County, affirming the decisions of the Gallatin County Superintendent of Schools which granted transfers of territory from Belgrade School District. Belgrade School District contends that the District Court erred when it concluded that §§ 20-6-213(5) and -320(5), MCA, the statutes which confer authority to county superintendents of schools to grant or deny petitions to transfer territory among school districts, are constitutional. We reverse.

## BACKGROUND

¶2 On August 28, 1998, Brad and Heide Haderlie submitted two petitions to Gallatin County Superintendent of Schools Jill Richards requesting that Richards allow the transfer of their property from Belgrade Elementary School District No. 44 to Monforton Elementary School District No. 27, and from Belgrade High School District No. 44 to Bozeman High School District No. 7. The Gallatin County Superintendent held a hearing on the Haderlies' petitions on September 21, 1998, and subsequently granted their petitions for transfer by order dated October 21, 1998.

¶3 On November 17, 1998, Belgrade School District filed a petition in the Eighteenth Judicial District Court, Gallatin County, seeking judicial review of the Gallatin County Superintendent's decision. The District Court held oral argument on Belgrade School District's petition on August 23, 1999. On October 13, 1999, the court issued an Order denying Belgrade School District's petition and affirming the decision of the Gallatin County Superintendent of Schools. Belgrade School District appeals.

## STANDARD OF REVIEW

¶4 Our review of issues involving constitutional law is plenary. *State v. Bedwell*, 1999 MT 206, ¶ 4, 295 Mont. 476, ¶ 4, 985 P.2d 150, ¶ 4. When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional, and the party attacking it has the burden of proving it unconstitutional. *Connery v. Liberty Northwest Ins. Corp.*, 1998 MT 125, ¶ 9, 289 Mont. 94, ¶ 9, 960 P.2d 288, ¶ 9. A statute will be "upheld on review except when proven to be unconstitutional beyond a reasonable doubt." *Montanans for Responsible Use of the Sch. Trust v. State ex rel. Bd. of Land Comm'rs*, 1999 MT 263, ¶ 11, 296 Mont. 402, ¶ 11, 989 P.2d 800, ¶ 11.

## DISCUSSION

¶5 Whether the District Court erred when it concluded that §§ 20-6-213(5) and -320(5), MCA, the statutes which confer authority to county superintendents of schools to grant or deny petitions to transfer territory among school districts, are constitutional?

¶6 We have previously held that §§ 20-6-213(5) and -320(5), MCA, are unconstitutional delegations of legislative authority. *Hayes v. Lame Deer High Sch. Dist.,* 2000 MT 342, ¶ 20 (Dec. 19, 2000), (holding that the statutory precursor to § 20-6-320(5), MCA, is unconstitutional); *Belgrade Elementary and High Sch. Dist. No. 44 v. Morris*, 2000 MT 342, ¶ 8 (holding that § 20-6-213(5), MCA, is unconstitutional).

¶7 Belgrade School District also contends that the District Court erred when it concluded that the Gallatin County Superintendent's decision complied with the requirements of §§ 20-6-213(5) and -320(5), MCA. This contention is mooted by our decision that the statutes pursuant to which the superintendent reached her decision are unconstitutional.

¶8 Reversed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER