No. 99-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 347

303 Mont. 245

15 P. 3d 482

BELGRADE ELEMENTARY AND

HIGH SCHOOL DISTRICT NO. 44,

Petitioner and Appellant,

v.

ALLAN AND CINDY MORRIS, BOZEMAN

ELEMENTARY AND HIGH SCHOOL DISTRICT

NO. 7 AND GALLATIN COUNTY SUPERINTENDENT

OF SCHOOLS JILL RICHARDS,

Respondents and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael S. Dahlem, Attorney at Law, Whitefish, Montana

For Respondents:

Susan Swimley, Gallatin Chief Deputy County Attorney,

Bozeman, Montana

Submitted on Briefs: March 2, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Belgrade Elementary and High School District No. 44 ("Belgrade School District") appeals from the Order entered by the Eighteenth Judicial District Court, Gallatin County, affirming the decisions of the Gallatin County Superintendent of Schools which granted transfers of territory from Belgrade School District. Belgrade School District contends that the District Court erred when it concluded that §§ 20-6-213(5) and -320(5), MCA, the statutes which confer authority to county superintendents of schools to grant or deny petitions to transfer territory among school districts, are constitutional. We reverse.

BACKGROUND

¶2 On August 7, 1997, Allan and Cindy Morris submitted two petitions to Gallatin County Superintendent of Schools Jill Richards requesting that Richards allow the transfer of their property from Belgrade School District to Bozeman Elementary and High School District No. 7. The Gallatin County Superintendent held a hearing on the Morris's petitions on November 24, 1997, and subsequently granted their petitions for transfer by order on December 15, 1997.

¶3 On January 14, 1998, Belgrade School District filed a petition in the Eighteenth Judicial District Court, Gallatin County, seeking judicial review of the Gallatin County

Superintendent's decision. The District Court held oral argument on Belgrade School District's petition on March 25, 1999. On April 26, 1999, the court issued an Order denying Belgrade School District's petition and affirming the decision of the Gallatin County Superintendent of Schools. Belgrade School District appeals.

## STANDARD OF REVIEW

¶4 Our review of issues involving constitutional law is plenary. *State v. Bedwell*, 1999 MT 206, ¶ 4, 295 Mont. 476, ¶ 4, 985 P.2d 150, ¶ 4. When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional, and the party attacking it has the burden of proving it unconstitutional. *Connery v. Liberty Northwest Ins. Corp.*, 1998 MT 125, ¶ 9, 289 Mont. 94, ¶ 9, 960 P.2d 288, ¶ 9. A statute will be "upheld on review except when proven to be unconstitutional beyond a reasonable doubt." *Montanans for Responsible Use of the Sch. Trust v. State ex rel. Bd. of Land Comm'rs*, 1999 MT 263, ¶ 11, 296 Mont. 402, ¶ 11, 989 P.2d 800, ¶ 11.

## DISCUSSION

¶5 Whether the District Court erred when it concluded that §§ 20-6-213(5) and -320(5), MCA, the statutes which confer authority to county superintendents of schools to grant or deny petitions to transfer territory among school districts, are constitutional?

¶6 The District Court concluded that the statutes governing the transfer of territory from one school district to another do not impermissibly grant legislative or rule making authority to county superintendents of schools. The court determined that the statutes adequately define the balancing of interests which the county superintendent must perform in deciding whether to grant or deny a petition.

¶7 Sections 20-6-213(5) and -320(5), MCA, provide that a county superintendent shall grant or deny a requested transfer of territory "based on the effects that the transfer would have on those residing in the territory proposed for transfer as well as those residing in the remaining territory" of the elementary or high school district.

¶8 We conclude that §§ 20-6-213(5) and -320(5), MCA, are unconstitutional delegations of legislative authority beyond a reasonable doubt. We have previously concluded that § 20-6-320(5), MCA, represents an unconstitutional delegation of legislative authority. *Hayes v. Lame Deer High School Dist.*, 2000 MT 342, ¶ 20 (Dec. 19, 2000), holding that

the grant of authority contained in § 20-6-320(6), MCA (1993), the statutory precursor to this provision, is unconstitutional). Upon reflection, the rationale set forth in the majority opinion of *Hayes,* as well as the special concurrence of Justice Nelson, controls the case *sub judice.* The grant of legislative authority contained in § 20-6-213(5), MCA, suffers from the same constitutional deficiency as § 20-6-320(5), MCA: both statutes confer legislative authority to a county superintendent of schools to grant or deny territory transfer petitions "based on the effects" of the proposed transfer.

¶9 Reversed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER